Stewart, J.
The appellants have assigned six claims of error in this court but in view of the conclusion at which we have arrived only one main question is presented for bur consideration. It is true that appellants earnestly contend that Ruth Wilgus has no standing in this case for the reason that the Court of Appeals was in error in holding that she is the owner of the buildings erected upon the premises in question *79 because, as she is a shareholder in the Russell’s Point Resort Corporation, the court could look through the corporate entity of that company, in whose name the buildings are owned, and declare that she is the owner. Appellants contend that, although in certain situations a court can on behalf of an injured third person look through the corporate entity to the shareholders, a shareholder has no right to avail himself of that same principle. However, we shall assume, without deciding, that the Court of Appeals was correct in finding that Ruth Wilgus was the owner of the buildings at the time of the expiration of her leases and her application for a renewal thereof. -
That brings us to the question which we think is entirely dispositive of the present case. If one has a 15-year lease of state park lands made pursuant to Sections 471 and 13966, General Code, is it mandatory for the state of Ohio at the end of the term to renew the lease for an additional 15-year period, if the lessee at the end of his term is in possession and owns any buildings or structures on the leased land?
For the answer to this question it is incumbent upon us to construe certain enactments of the General Assembly.
Section 469, General Code, provides in part:
“The body of water and adjacent state lands * * * in the northwestern part of Logan county, known as the Lewistown Reservoir or Indian Lake * * * are hereby dedicated and set apart forever for the use of the public, as public parks or pleasure resorts.”
Section 471, General Code, provides:
“No state lands in or adjacent to Buckeye Lake, Indian Lake, Lake St. Marys, Guilford Lake or Portage Lakes shall ever be sold but the division of parks may lease such lands, including marginal strips and marsh lands around said lakes, the outer slopes of *80 artificial embankments, islands, borrow pits and state lands adjacent thereto as it deems proper under the laws governing the leasing of canal lands.”
Section 13965, General Code, provides:
“That each and every-tract of land, and any part of the berme bank of any canal, canal basin, reservoir and outer slope of the towing path embankment, which such commission shall find to be the property of the state of Ohio, the use of which, in the opinion of said commission, the Board of Public Works and the Chief Engineer of Public Works, if leased, would not materially injure or interfere with the maintenance and navigation of any of the canals of this state, shall be valued by said commission at its true value in money, and if such land shall not then be under an existing lease, may be leased for any purpose or purposes other than for railroads operated by steam, but said commission, the Board of Public Works and the Chief Engineer of the Public Works shall have power to make leases and prescribe regulations for the crossing of the canals, canal basins or canal lands by any railroad operated by steam, electricity or other motive power, or for the necessary use, for railroad purposes, of any part of the berme banks of a canal, canal basin or any portion of the canal lands for a distance not exceeding two miles, or if then under an existing lease, then at the expiration of such lease, may be leased on the terms and conditions hereinafter in this act provided for, but railroad companies unlawfully in the possession and use of state land at the date of the passage of this act shall take a lease thereon for the term of fifteen years in the same manner as when lands aré leased for other purposes, or remove their tracks, buildings or other structures from said land. Any owner of an existing lease for state canal lands may surrender the same to the state in order to have the land described therein included in a new lease, which shall not be for *81 a greater term than fifteen years, and the application therefor shall definitely set forth the reasons why an extension of the lease is desired, but before granting a new lease for such state canal land, the Superintendent of Public Works must be satisfied that the extension of the lease is for the purpose of making a valuable improvement thereon, which the lessee could not otherwise afford to make for the remaining portion of the unexpired lease. When a.new lease, which shall not be for a less rental than the original lease, has been granted and approved by the Governor and Attorney General, the Superintendent of Public Works shall cancel the original lease.”
Section 13966, General Code, provides:
“That if such land is not in possession of any person, or persons, or corporation having a building, or buildings, or other valuable structures thereon, it may be immediately leased for fifteen years, at an annual rental of six per cent, per annum of said valuation, to be paid semiannually, in advance, and at such place as said commission, Board of Public Works and the Chief Engineer of the Public Works may fix by the terms of said lease. Any tract of land so to be valued or appraised, if in the actual possession of any person, persons, or corporation who may own a building, or buildings, or other valuable structure thereon, such valuation shall not embrace the value of such building, or buildings, or other valuable structure, and the person, or persons, or corporation owning the same shall be entitled to such lease of said land or lands upon the same terms and conditions as any other person or corporation would or might be entitled to under this act if there were no building or buildings, or other valuable structure upon said land; provided always, however, that each and every building or other valuable structure erected thereon by any person, or persons, or corporation may be taxed as other property *82 of individuals or corporation in the same locality. The said commission, Board of Public Works and Chief Engineer of the Public Works may lease for the term of fifteen years, at six per cent, per annum, rental to be paid semiannually in advance, on a valuation made by said commission, the right to erect buildings across any of the canals not less than ten feet above high water line, to be constructed under the direction of the Chief Engineer of the Public Works in all respects so as not to interfere with the maintenance of the embankments and operation of the canal under said buildings.”
It is apparent from a perusal of the above statutes that the premises in question in the present case are a part of a public park or pleasure resort, and that it was entirely legal for the state to have leased the premises to Ruth Wilgus. It is claimed by Ruth Wilgus that under Section 13966 she was entitled to a renewal of her leases at their expiration for an additional 35 years for the reason that she was the owner of buildings and other valuable structures upon the premises when her leases expired. She founds her claim, and both courts below agreed with her, upon the language, “and the person, or persons, or corporation owning the same [building or buildings or other valuable structure] shall be entitled to such lease of said land or lands upon the same terms and conditions as any other person or corporation would or might be entitled to under this act if there were no building or buildings, or other valuable structure upon said land.”
The argument of Ruth Wilgus is to the effect that since she owned the buildings when her leases expired she was entitled to a renewal of the leases upon the same terms and in preference to any other person to whom a lease might be made. We do not agree that Section 13966 is susceptible to any such construe *83 tion. That section provides that if there are no buildings on such premises a lease may immediately be made for 15 years at an annual rental of six per cent per annum of the valuation of the premises, that if the premises are in the actual possession of a person who owns buildings thereon the valuation upon which the rent is to be based shall not embrace the value of any buildings but only of the land, and that if the lease is made to the person owning the buildings it must be upon the same terms and conditions as it would be if there were no buildings on the land. That is to say that in fixing the rental a valuation must be put upon the premises only as to the land and nothing must be added for the buildings that have been erected thereon.
The section provides further that, although the one to whom a lease is made may not be charged rent except with a reference to valuation of the land only, nevertheless, the buildings erected thereon may be taxed as is other .property in the same locality. It will be noted that the section provides explicitly for a 15-year lease and contains not a word with reference to a legal right in the lessee to any extension thereof. Of course, if one erects valuable buildings upon premises leased for only 15 years he runs the risk of a loss if such lease is not renewed. But that is true with reference to any lease which has a definite termination and no provision for renewal. This problem is evidently contemplated by Section 13965, General Code, where it is provided that if one has a lease which has so short a time to run that the lessee can not afford to make a valuable improvement thereon, such lessee may surrender his lease and have the land described therein included in a new lease not to be, however, for a greater term than 15 years. This new lease may not be granted unless the state is satisfied that the extension of time is for the purpose of making a valuable improvement thereon which could not be *84 afforded in the shorter term of the unexpired lease.
In the present case it is disclosed that Rnth Wilgus herself previously took advantage of the provision of Section 13965 by surrendering former leases and securing new ones for the purpose of making valuable improvements upon the premises.
Much is said in the appellees’ brief that in the leasing of public park lands, as with canal lands, the state acts in a proprietary capacity and, therefor, has no right to forfeit a lease without bringing an action for such purpose. We do not take issue with that statement but we are not here concerned with the question of a forfeiture. The lease of Ruth Wilgus has run its full 15 years. Before that period expired she applied for a renewal and her application was rejected and 15-year leases were given by the state to Horvath. Assuredly, the state, as a proprietor, has a right in its sound discretion not to renew a lease which has been made under a statute limiting the term of a lease by- the state to 15 years and which contains no right in the lessee for a renewal.
If Section 13966, General Code, were construed otherwise than as we have indicated it would lead inexorably to the result that a lessee with buildings 'on public park premises once having secured a 15-year lease could become at his option a perpetual lessee. It seems to us that such a result would effect a rewriting of the statute by providing that the General Assembly when it authorized a 15-year lease with no right of renewal meant a perpetual lease at the option of the lessee. If such an untenable construction were adopted it would run directly counter to the Ohio doctrine that the law does not favor perpetual leases.
In the case of Hallock v. Kintzler, Jr., 142 Ohio St., 287, 51 N. E. (2d), 905, the first paragraph of the syllabus reads:
“Perpetual leases are not favored by the law and *85 an intention to create such a perpetuity must be clearly shown. ’ ’
Ruth Wilgus earnestly argues that certain special acts of the General Assembly provide for the leasing of canal lands, and that practically all those acts provide for leases containing renewal provisions amounting to perpetual leases. The argument is made that, since the state has leased practically all its abandoned canal lands upon a perpetual basis, such special statutes authorizing such leases must be read in pan materia with Section 13966, and this latter section must be construed to authorize a continuous right of renewal in a lessee who owns buildings on his leased premises when his 15-year lease expires. It seems to us that the enactment of the special statutes authorizing leases of the abandoned canal lands with perpetual rights of renewal demonstrates that no such right was given under Section 13966. If that section authorizes such renewals, why would the state be required to pass special legislation to provide for leases with the right of renewal?
We are of the opinion that the special acts were required where it whs deemed desirable to grant rights of renewal or perpetual leaseholds, for the reason that under Section 13966 no such right is provided and that under such section only a 15-year lease is authorized which lease the state has the right in its sound discretion to renew or not to renew and the lessee has no right to a mandatory renewal of the same.
Section 471, General Code,' provides that the state may lease its lands adjacent to Indian Lake in such a way as it deems proper under the laws governing the leasing of canal lands. Those laws provide for only a 15-year lease without a right in the lessee to a renewal, and the state, therefore, in its sound discretion may at the expiration of such a 15-year lease refuse to renew such lease if it deems it proper to do so.
*86 It was conceded in argument that the buildings and structures with which this case is concerned are the property of the lessee and a reasonable opportunity must be given her to dispose of or salvage the same.
For the reasons stated, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for proceedings in accordance with this opinion.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman and Lamneck, JJ., concur.