A'DAM MARSYLAK *vs.* MAX FOX.

Middlesex.    April 5, 1927. — May 23, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Covenant for renewal, Tenancy at sufferance. *Notice.*

A lease for a term expiring on November 30, 1924, contained a provision: "Lessor gives lessee the option to renew this lease from year to year after the three year term expires at the same rental and without written notice." A grantee of the lessor conveyed the premises in March, 1924, to a third party who, in a suit in equity to have the conveyance set aside, was required to reconvey the premises to the lessor's grantee. In August, 1925, the lessor's grantee brought against the tenant a writ in summary process for possession of the land. The tenant introduced evidence tending to show that a month before the lease expired he gave a notice in writing to the third party, who then held the title, of an intention to renew the lease. The jury found that the tenant was holding unlawfully. *Held,* that

(1) While, the word "assigns" having been inserted in the lease after the words "lessor" and "lessee," the covenant ran with the land and the owners of the reversion were bound by it, the question, whether the tenant gave the required notice to the holder of the legal title, was for the jury;

(2) If the jury found that the defendant did not notify the third person who held the legal title in 1924, the tenant became a tenant at sufferance after December 1, 1924, and, no notice to quit being necessary, the action could be maintained.

SUMMARY PROCESS for the possession of land. Writ in the Third District Court for Eastern Middlesex dated August 7, 1925.

On appeal to the Superior Court, the action was tried before *McLaughlin,* J. Material evidence is stated in the

opinion. The jury found "that the tenant held, and still holds unlawfully, against the right of the plaintiff, the premises described in the plaintiff's writ, and the plaintiff is entitled to the possession of the same."

The judge reported the action for determination by this court, "the verdict to stand and judgment to be entered for the plaintiff if there was evidence which would warrant me in submitting the case to the jury; if not, judgment to be entered for the defendant."

The case was submitted on briefs.

*H. A. Leventhal & G. L. Ellsworth,* for the defendant.

*J. F. Daly,* for the plaintiff.

BRALEY, J. The owner, one Melnick, of certain property on Portland Street, Cambridge, consisting of a store and a tenement in the rear of four rooms, leased on November 22, 1921, the premises for a term of three years beginning with the first day of December, 1921, to the defendant, who entered into occupation. The lease among other provisions contained this covenant: "Lessor gives lessee the option to renew this lease from year to year after the three year term expires at the same rental and without written notice." The property about two months later was conveyed by Melnick to the plaintiff by a deed of quitclaim, and about March 30, 1924, Marsylak transferred it to one Blaguszewski. But on the ground of mutual mistake this conveyance was set aside in a suit in equity brought by Blaguszewski and under the decree he reconveyed by deed of quitclaim to the plaintiff May 21, 1925. While reference is made to the lease in each deed, it is unnecessary to consider the effect of these references as being notice to the grantee of the existence of the lease. The word "assigns" having been inserted in the lease after the words "lessor" and "lessee," the covenant ran with the land, and the owners of the reversion were bound by it. *Leominster Gas Light Co.* v. *Hillery,* 197 Mass. 267. *Taylor* v. *Kennedy,* 228 Mass. 390. The term expired December 1, 1924, and the defendant on October 30, 1924, gave notice in writing to the plaintiff that he intended to renew for a period of one year under the same conditions as stated in the lease. But when the notice was given

Blaguszewski and not the plaintiff owned the reversion, and there was no notice to the owner of the defendant's intention to exercise the option. Even if this notice be disregarded, the defendant, however, testified that he gave notice to Blaguszewski a month before the lease expired asking for a new lease.

It was a question of fact for the jury whether this notice was given. If they found it had been given, then it was the duty of Blaguszewski to make, execute and deliver to the defendant a lease for a further term of one year. *Judkins* v. *Charette*, 255 Mass. 76. The renewal covenant was not however to be inserted. It was satisfied by a single renewal. *Cunningham* v. *Pattee*, 99 Mass. 248, 252. *Gannett* v. *Albree*, 103 Mass. 372. The extended term therefore would not expire until December 1, 1925, and the defendant on August 7, 1925, when these proceedings in summary process were brought by the plaintiff, would not be a tenant at sufferance but lawfully in possession under the unexpired renewal term. *Melrose Operating Co.* v. *Porter*, 256 Mass. 138.

But if the jury found that the defendant did not notify Blaguszewski, he became a tenant at sufferance after December 1, 1924, and, no notice to quit being necessary, the action can be maintained. *Benton* v. *Williams*, 202 Mass. 189, 192. By the terms of the report the verdict is to stand, and judgment is to be entered for the plaintiff.

*So ordered.*