Weygandt, C. J.
 

 The storeroom is located in a building owned by the plaintiff and was leased to the
 
 *288
 
 defendant- by the plaintiff under a written agreement which reads in part as follows:
 

 “To have and to hold unto the lessee for the term of one year commencing on the 25th day of March, in the year nineteen hundred and thirty three and ending-on the 24th day of March, in the year nineteen hundred and thirty four upon the covenants and agreements herein set forth:
 

 “The lessee hereby covenants and agrees to pay to the lessor as rental for said premises during said term the sum of four hundred twenty ($420) dollars payable in monthly installments of thirty five ($35) dollars each in advance .upon the 25th day of every calendar mqnth during said term.
 

 “It is mutually agreed by and between the parties that this lease may be renewed from year to year at the same rental at the option of the lessee, provided, however, that said lessee shall give thirty (30) days written notice to the lessor of his intention so :to renew. ’ ’
 

 Each year the defendant lessee gave the plaintiff lessor the required thirty-day notice of the former’s intention to renew the
 
 lease;
 
 but oh February 19, 1942, the plaintiff notified the defendant that another renewal of the lease would be refused. Nevertheless, the defendant thereafter restated his intention to renew and also tendered the plaintiff the rent for the first month of the new term. The plaintiff refused the. tender.
 

 The crux of this controversy is the meaning of the provision in the lease that it “may be renewed from year to year * * * at the option of the lessee” by means of a thirty-day notice. The defendant lessee contends .that he has a perpetual lease reiiewable at his option during- his lifetime. The plaintiff insists that the lease creates simply a year-to-year tenancy, fixing the length of thé renewal period and giving the defendant the right to one such renewal.
 

 
 *289
 
 In attempting to construe this provision of the lease it is necessary to keep in mind the fundamental rule that perpetual leases are not favored and that general covenants as to right of renewal are therefore usually limited to a single renewal unless an intention to create a perpetuity is clearly shown. This principle is summarized as follows in 32 American Jurisprudence, 813, Section 968:
 

 “The law does not favor perpetual leases; the intention to create one must appear in clear and unequivocal language, and accordingly, a lease will not be construed to create a right to perpetual renewal unless the language employed clearly and unambiguously indicates that it was the intention and purpose of the parties to do so. It is the rule that a provision in a lease in general terms for a renewal or continuance of the lease will be construed as providing for only one renewal. This rule is based on the principle that the courts do not favor perpetuities, and unless the lease expressly or by clear implication provides that the second lease shall contain a covenant for future or perpetual renewals, it will be construed as providing for only a single renewal.” .
 

 Annotated cases on the subject appear in 3 A. L. R., 495, 14 A. L. R., 944, and 39 A. L. R., 275.
 

 In 24 Ohio Jurisprudence, 1239, Section 483, it is observed that “as a general rule the courts will not construe a lease as conferring a right to perpetual renewals unless the lease clearly so provides.”
 

 In the instant case the lease for the storeroom in the plaintiff’s building is “.for the term of one year” at a total rental of $420 with a general option for renewal “from year to year.” This limited language hardly can be said to indicate clearly and unambiguously an intention and purpose to create a right to perpetual renewal of the lease for the room.
 

 
 *290
 
 The judgment of the Court of Appeals in favor of the plaintiff lessor is affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Bell and Williams,. J'J., concur.
 

 Turner, J., concurs in paragraphs one and two of the syllabus, but dissents from paragraphs three and. four of the syllabus, and from the judgment.