# Rutland Amusement Company, Inc. v. Joena Seward

[ 248 A.2d 731 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*O'Neill, Delany & Valente* for the Plaintiff.

*Loveland & Hackel* for the Defendant.

**Holden, C.J.** The plaintiff petitioned the Court of Chancery for Rutland County, under the Declaratory Judgment Act, for a declaration of its rights under a leasing agreement made with the defendant in 1957. On March 2, 1968 the chancellor entered a decree, holding the lease to be in full force and effect and the defendant to be without right to terminate the undertaking.

The leased premises consist of a rectangular lot six hundred feet square; its purpose is for the operation of an "Open Air Theatre, Movie Type." It appears that the result reached by the chancellor was dictated by the *habendum*. It is quoted in the findings:

To have and to hold the aforesaid premises with all the privileges and appurtenances thereof to said lessee from May 1, 1957 for and during the term of five years then next ensuing, and it is hereby agreed that this lease shall automatically renew for similar five year periods at the same terms and conditions at the expiration of its present term except as hereinafter provided; that the lessor shall be bound by the same as well as her heirs, administrators and assigns, and the lessee at any time after April 31, 1962 may terminate said lease by giving written notice 60 days in advance to the lessor.

The instrument was dated June 17, 1957. The indenture further provides for the payment of two hundred dollars by the lessee, upon the execution of the lease, as rent—for the period to and including June 30, 1957. The rent reserved for the primary term of the lease and "all extensions and renewals thereof—" is twenty-five dollars per week. After June 30, 1962—"during the term of this lease, and all extensions and renewals thereof—" the lessee is required to pay the lessor thirty-eight dollars and forty-six cents each week.

The leasing agreement requires the defendant to pay all real estate taxes. The plaintiff, as lessee, agreed to pay all personal property taxes, specifying in particular the theatre equipment.

The lessor agreed to install and pay for a tile drainage system across the premises to the highway. The lease concludes with the following option:

"In the event said LESSOR desires to sell said premises during the term of this lease, she shall first offer the same to said LESSEE at a price equal to the highest bona fide offer received from any other person. Said LESSEE shall have thirty days to accept said offer and pay for said premises; and, if not, said LESSEE shall have no further right to purchase or acquire said premises."

The plaintiff has been in possession of the property since April 1957. On October 13, 1964 the plaintiff assigned its lease to the Proctor Trust Company. The defendant, through her attorney, notified the plaintiff that its lease would not be extended beyond April 30, 1967. Before the expiration date, specified in that letter, the plaintiff commenced this action.

This appeal by the defendant presents two questions of law: (a) Whether the plaintiff is entitled to maintain its petition for a declaratory judgment of its rights as a lessee after it had assigned the lease and (b) whether the lease terminated on April 30, 1967.

■ The findings are unchallenged. We are called upon to read them to support the decree, if this can reasonably be done. *Taylor* v. *Henderson,* 112 Vt. 107, 115, 22 A.2d 318.

■■ This leads us to infer from the chancellor's finding of continuous possession that the assignment to the Proctor Trust Company was not absolute. The assignment of a lease for purposes of collateral security vests only a special property in the assignee, while the general property and right to redeem remains in the assignor. *White River Savings Bank* v. *Capital Savings Bank and Trust Co.,* 77 Vt. 123, 128, 59 A.197; see also *Dieter* v. *Scott,* 110 Vt. 376, 384, 9 A.2d 95. The broad and remedial provisions of the act clothe the plaintiff with sufficient interest under the lease and assignment to entitle it to settle the present controversy within the meaning and purpose of 12 V.S.A. §4712. See *Price* v. *Rowell,* 121 Vt. 393, 399, 159 A.2d 622; 26 C.J.S. Declaratory Judgments §74; 22 Am. Jur. 2d Declaratory Judgment §63.

But the plaintiff's standing, to have its rights adjudicated, does not vindicate its claim that the lease was interminable as far as the lessor was concerned. The plaintiff urged, and obviously persuaded the chancellor that the provision for automatic renewal at the lessee's election, endowed the tenant with the exclusive right to endless renewals.

■■ Agreements for perpetual renewal of leasehold interests are not favored. The courts have inclined against them as being inequitable and contrary to the law's interest in the free alienation of land. *Winslow* v. *Baltimore and Ohio Railroad Co.,* 188 U.S. 646, 23 S.Ct. 443, 47 L.Ed. 635, 639; Tiffany, Landlord and Tenant, §221; see also 51C C.J.S. Landlord and Tenant §61; Sweetser, Leases—Covenants of Perpetual Renewal, 13 Harv.L.Rev. 472. Equity will not enforce perpetual renewals of a lease for a term of years unless such an intention is expressed in language devoid of all ambiguity. *Winslow* v. *Baltimore and Ohio Railroad Co., supra,* 188 U.S. 646, 23 S.Ct. 443, 47 L.Ed. at 639; *Burns* v. *City of New York,* 213 N.Y. 516, 108 N.E. 77, 79; *Syms* v. *City of New York,* 105 N.Y. 153, 11 N.E. 369, 370; *Geyer* v. *Lietzan,* 230 Ind. 404, 103 N.E. 2d 199, 31 A.L.R. 2d 601, 604 and annotation at 623.

■ The lease before us restricts the lessee's use of the premises to the sole purpose of an outdoor theatre. The lessee's management must be in a good and husbandlike manner, but with the privilege of removal of the theatre equipment. The narrow use and the demand for good husbandry, for the protection of the lessor's reversion, oppose an intention to lease with interminable renewals. *Bove's Ex'r* v. *Bove,* 116 Vt. 76, at 91, 70 A.2d 562; *Geyer* v. *Lietzan, supra,* 230 Ind. 404, 103 N.E. 2d 199, 31 A.L.R. 2d at 605.

■ It is true that leases in perpetuity, or durable leases, have been upheld in various decisions of this Court. In those instances the conveyances have been expressed in traditional and explicit language, such as "forever," "as long as grass grows or water runs." This language is notably absent from the lease before us.

■ There are other factors in the full context of the writing that refute an intent to effectuate renewals in perpetuity. The requirement that the lessee shall improve the premises, and the language of the option to purchase, look toward termination of the estate, rather than endless renewal. Similarly, the lessor's undertaking to pay all real estate taxes during the life of the lease is inconsistent with a purpose to intentionally surrender her beneficial interest in the reversion.

The word "automatically" generally relates to things mechanical. It conveys the idea of involuntary action, without thought or conscious intention. In its usual sense it does not point to perpetuity. Webster's Third New International Dictionary, p. 148; 4 Words and Phrases, 852 *et seq.*

328

■ The provision that the lease shall automatically renew for similar periods, at the same terms and conditions at the expiration of its present term, eliminated the necessity for the execution of a new lease at the expiration of the prior term. But it is the generally accepted rule that the lessor's covenant to renew does not carry forward nor bind him in the renewed term without an explicit direction or a new provision to this effect in the renewal lease itself. *Winslow* v. *Baltimore and Ohio Railroad, supra,* 188 U.S. 646, 23 S.Ct. 443, 47 L.Ed. at 639; Tiffany, Landlord and Tenant, *supra,* §221.

In *Petition of Mackie,* 372 Mich. 104, 125 N.W. 2d 482, a lease provided that it should be "automatically renewed" for a further period of ten years. But the agreement explicitly stated that "this provision for automatic renewal shall also be operative upon each and every renewal lease." The Michigan Court regarded this stipulation expressed a clear intention to lease with perpetual renewals.

■ The plaintiff's lease stands differently. The right to renew is expressed in general terms. There is not explicit direction that the covenant to renew shall carry over into subsequent terms. As such, it does not require more than one renewal. The agreement to renew was fulfilled by the lease for the second term. *Buckland* v. *Tarble,* 95 Vt. 87, 92, 112 A. 217; *Hallock* v. *Kintzler,* 142 Ohio St. 287, 51 N.E. 2d 905, 906; *Marsylak* v. *Fox,* 260 Mass. 127, 156 N.E. 856, 857; 51C C.J.S. Landlord and Tenant §61; 32 Am. Jur. Landlord and Tenant §968. We hold the lease expired at the end of its second term on April 30, 1967.

*Decree reversed and cause remanded for entry of a new declaratory decree consistent with the opinion.*