44285. SEABOARD COAST LINE RAILROAD v. ADCOCK.

HALL, Judge. The plaintiff appeals from a declaratory judgment affirming the rights of the defendant lessee under a "Lease to erect signs" agreement on property owned by the plaintiff, grantee of the lands formerly owned by the original lessor.

1. The plaintiff enumerates as error the trial court's order that the "Lease to erect signs" agreement contained a good and sufficient description, in law, of the premises and rights therein leased. The description is as follows: "Said signs to be erected at approximate right angles to Interstate Highway I-75, and said signs to be erected so that the entire length of said sign is not more than 150 feet from the right of way jurisdiction of said U. S. Highway I-75. The approximate location of said signs is to be located on the property owned by lessor located between the lands owned by Mrs. L. W. Aultman on the south and D. N. Stafford on the north, and are to be placed approximately as follows: On the west side of I-75: Double face (2 signs) between Aultman property and Howard Johnson sign: single sign behind Howard Johnson sign; single sign behind Skyline Motel sign; double sign presently used by Adcock Pecan and Magnolia Plantation; double sign between Adcock Pecan sign and Tifton Poster Company sign; on the east side of I-75 beginning at D. N. Stafford property: single sign behind Horne's sign; double face sign between Horne's and Tifton Poster Company sign; single face sign behind Tifton Poster Company sign; single face sign behind Cities Service sign; single face sign behind Quality Courts sign; single face sign behind Stuckey's sign; single face sign behind Howard Johnson sign; reference above to double sign means double face sign—back to back (2 signs)."

In our opinion the description furnished a sufficient key to the identification of the property. *Turner v. Boyd,* 212 Ga. 191, 192 (91 SE2d 502); *Davis v. Ford,* 112 Ga. App. 175 (144 SE2d 456).

2. The original term of the lease was "one year commencing on the 9th day of April, 1965, and ending on the 9th day of April, 1966," with the following option to renew: "Lessees shall have the option to renew this lease at the above stated consideration for such additional one-year periods as lessees select and the same terms and conditions upon the tender to lessor of the stated consideration." The plaintiff contends

that any such rights of "repeated renewals tend to create a perpetuity although the parties to the said lease agreement did not therein clearly express such as their intention by plain and unambiguous terms." The intention of the parties as clearly stated in the contract is that it is not limited to merely one renewal, but that it may be renewed for "additional one-year periods." *Scruggs v. Purvis,* 218 Ga. 40 (126 SE2d 208). The applicable law on this question is covered in a recent opinion of this court in *Chalkley v. Ward,* 119 Ga. App. 227 (166 SE2d 748). The fact that the lease may be extended in perpetuity by the payment of the stipulated rental when due is not violative of the rule against perpetuities. *Smith v. Aggregate Supply Co.,* 214 Ga. 20 (102 SE2d 539).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED FEBRUARY 5, 1969—DECIDED JUNE 5, 1969—
REHEARING DENIED JUNE 18, 1969.

*Maxwell A. Hines,* for appellant.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.,* for appellee.