237 So.2d 493

**William H. WALDROP**

v.

**Erwin SIEBERT et al.**

**I Div. 591.**

Supreme Court of Alabama.

June 11, 1970.

Warren L. Finch, Mobile, for appellees.

Delano J. Palughi, Mobile, for appellant.

McCALL, Justice.

The appellees brought this action to recover possession of leased premises from the appellant. The case was tried before the court without a jury on agreed stipulations of fact. The trial court rendered judgment for the plaintiff and the defendant has appealed therefrom. The basic question in the case being one of law, is "Does the lease between the parties give the appellant lessee the right to perpetually renew it."

On July 20, 1963, the appellees executed a written lease of the premises to the appellant for an original term of two years to run from July 20, 1963 to July 19, 1965. The rent was $720, payable in equal monthly installments of $30 on July 20, 1963, and on the 20th day of each month thereafter. The lease provides for an optional tenancy in the following language:

"Lessor grants to Lessee the option to renew at end of term for an additional term of Three (3) years, and year to year thereafter."

The record does not reveal how the appellant exercised the option to renew at the end of the two year term for the additional term. Since the parties make no issue of this matter, we will consider only the lessee's right to continue the tenancy under the lease after the additional three years.

Prior to the expiration of the three years on July 19, 1968, the appellant's attorney notified the appellees in writing on May 28, 1968, of the appellant's intention to renew the lease for a year and enclosed the latter's check for $360 to pay the rent therefor. The appellees returned the check on June 25, 1968, and sent appellant a ten day written notice to quit the premises. Neither the form, certainty or sufficiency of either of these notices, nor the mode of their service is questioned. The appellant insists however that the notice to quit is totally ineffectual to terminate his tenancy, because the lease contains an option which permits the appellant to renew the lease from year to year perpetually after the expiration of the additional three years, or, at least, to extend the terms thereafter not to exceed the period limited by Tit. 47, § 18, Code of Alabama, 1940.

The original term of this lease created a leasehold estate in the lessee for two years. The estate granted, being one limited to endure for a definite and ascertained period, fixed in advance, is what is known as a term for years. Hyatt v. Vincennes Nat'l Bank, 113 U.S. 408, 5 S.Ct. 573, 28 L.Ed. 1009; United States v. First Nat'l Bank of Birmingham, (5 Cir.), 74 F.2d 360; 49 Am.Jur.2d, Landlord & Tenant, § 65, p. 106; 51C C.J.S. Landlord & Tenant § 26, p. 61. By the provisions of the lease, the appellant is granted an option, at the end of the first term of two years, to renew or continue his tenancy "for an additional term of Three (3) years, and year to year thereafter." A

tenancy from year to year is a periodic tenancy, measured by the year, Tiffany, Landlord & Tenant, p. 119; 51C C.J.S. Landlord & Tenant § 130(1), p. 413. This optional tenancy is part of the original demise. In Feidelson v. Piggly Wiggly Alabama Co. Inc., 221 Ala. 81, 82, 127 So. 516, 517, this court said:

" * * * 'a covenant or agreement to extend the term of a lease for a time specified is not a covenant to renew, but a present demise which becomes operative immediately upon the exercise of the option conferred, and takes effect at the expiration thereof, and is subject to all the conditions and covenants of the original lease. No new lease or other writing is necessary to extend the term, although there is some authority to the contrary.' * * * "

See also Maddox v. Hobbie, 228 Ala. 80, 152 So. 222.

While the language of the renewal clause may be susceptible of different meanings, we construe it to grant the appellant a single option, to renew " * * for an additional term of Three (3) years, and year to year thereafter." The renewal creates a term of three years, which thence proceeds with a year to year tenancy, constituting one leasehold estate. The words of controversial import are "and year to year thereafter." We conclude that the conjunction joins this periodic tenancy from year to year to the tenancy for three years, not to the option to renew. After the appellant exercised the option, there was no second option or consecutive options conferred for subsequent renewals from year to year. The singular, "option," is employed. These words "and year to year thereafter" indicate to us the parties' intention, at the expiration of three years, to continue the leasehold estate as transformed from a term of years to a year to year tenancy. The year to year tenancy continues in being for successive periods of a year until terminated by either party at his will at the end of any year by

giving the previous legal notice. Tiffany, Landlord & Tenant, p. 119 et seq.; 51C C.J.S. Landlord & Tenant § 131, p. 414; 49 Am.Jur.2d, Landlord & Tenant, § 73, p. 115; 50 Am.Jur.2d, Landlord & Tenant, § 1205, p. 92.

■■ The language of the option is not in accord with expressions found in instruments held to provide for perpetual renewals which are collected in 31 A.L.R.2d 607. The general rule is that a lease will not be construed as making provision for perpetual renewal unless the language employed indicates clearly and unambiguously the intent and purpose of the parties to do so. 50 Am.Jur.2d, Landlord & Tenant, § 1171, p. 56 and cases there cited; 51C C.J.S. Landlord & Tenant § 61b, p. 188; McCreight v. Girardo, 287 P.2d 414 (Ore. 1955); Rutland Amusement Co. v. Seward, 248 A.2d 731 (Vt.). The use even of the words "from year to year" in a renewal clause of a lease does not give the lessee the right to perpetual renewals. In Hallock v. Kintzler, 142 Ohio St. 287, 51 N.E. 2d 905, 27 Ohio Op. 234, where the lease was "for the term of one year" with a general option for renewal "from year to year," the court said:

"* * * This limited language hardly can be said to indicate clearly and unambiguously an intention and purpose to create a right to perpetual renewal of the lease * * *."

Again in Tischner v. Rutledge, 35 Wash. 285, 77 P. 388 (1904), the plaintiff leased to the defendant for the term of one year "with the privilege at the same rate and terms each year thereafter from year to year." There the court said:

"* * * When we speak of a thing as continuing from year to year, it is only on second thought that we conclude it means forever. This we do not think is the direct and unequivocal language necessary to create a lease of the character contended for. * * *"

Also in the case of McCreight v. Girardo, supra, the provision of the lease giving the lessee an option to renew was as follows:

"'Lessee shall have the option of renewal of this lease, on the same rental basis and on the same terms, from year to year * * *.'"

In construing this language, the court said:

"The term 'from year to year', in connection with a renewal right, is construed almost universally to provide for but a single renewal, the courts stating that the words do not in themselves import an intention to provide for perpetual renewals, such as the clear and unambiguous words 'in perpetuity', 'forever', or words of similar import. * * *"

Numerous cases bearing on this subject may be found in the Annotation "Right to second or perpetual renewal under provision for renewal of lease." 31 A.L.R.2d 607 et seq.

■ We are of the opinion that this lease did not grant the lessee the right of perpetual renewal.

■ We now consider the shortest period that the lease might run under the additional term provided for therein. The renewal option when exercised created a tenancy for three definite years, and year to year thereafter, until terminated by one of the parties. If we consider that had the lease been only from year to year, the term would have been at least for one year. Therefore the additional term is at least for the three definite years plus one year, because such specifies for three years, and year to year thereafter. It is not a renewal for an additional term of three years, and then, at the end of the three years, if agreeable, it would be continued another year, but it is an absolute agreement to proceed beyond the three years for at least one year. The right of either party to terminate the tenancy does not come into being until after the continuance from year to year has begun. That allows at least

one year before there can be a termination, unless mutually agreed upon. McQuinn v. Logue, 143 Mo.App. 232, 128 S.W. 516 (1910). Having decided upon this the appellant had four additional years under the renewal option rather than three. Therefore, appellees' notice to quit the premises on July 19, 1968, was premature and inefficacious to terminate the lease, Hackney v. Griffin, 244 Ala. 360, 363, 13 So.2d 772; Crommelin v. Thiess & Co., 31 Ala. 412, 420, because the notice was given when appellant's leasehold estate was yet to run for another year, to wit, to July 19, 1969.

For this reason the case must be reversed and remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.