STEPHEN PECHENIK, MARJORIE ROSENTHAL,

*and*

LINDA MONTAGUE, *Co-Partners doing business as* SUNNY HILL GARDENS ASSOCIATES, *a partnership*

*v.*

BALTIMORE AND OHIO RAILROAD COMPANY, *a corporation, and* ALLEGHENY LUMBER COMPANY, INC., *a corporation*

(No. 13321)

Decided June 18, 1974.

*James F. Cain, Charles R. McElwee* for appellants.

*Joseph A. Wallace* for Baltimore & Ohio R. Co.

*John F. Brown, Jr.,* for Allegheny Lumber Co.

NEELY, JUSTICE:

This is an appeal from the Circuit Court of Randolph County in which the appellants, Stephen Pechenik, et al.,

seek to eject the appellees, Baltimore and Ohio Railroad Company and Allegheny Lumber Company, from certain property in the City of Elkins owned by the appellants and occupied by the appellees under a claimed perpetual leasehold.

The real estate in question was leased in 1911 by appellants' predecessors in title to appellees' predecessor in title under an agreement which provided for an original twenty-year term at an annual rent of $1,000 and gave the lessee or its assigns the option to renew the lease upon the original terms for successive periods of twenty years. The relevant portion of the 1911 lease provides:

"WITNESSETH: That for and in consideration of the re-conveyance by the said Coal and Coke Railway Company, to the said Valley Improvement Company, of the strip or parcel of land, conveyed by the said Valley Improvement Company to the said Coal and Coke Railway Company, by deed dated the 19" day of April, 1910, of 1.65 acres of land lying within the traact [sic] or parcel of land hereinafter described, and in further consideration of an annaul [sic] rental of ONE THOUSAND ($1,000.00) Dollars, payable in equal monthly installments by the party of the second partto [sic] the party of the first partsaid [sic] party to [sic] first part doth hereby demise and lease to the party of the second part, and its assigns, for a period of twenty (20) years from the date hereof, with the right to the party of the second part or its assigns to renew this lease at its option for successive periods of twenty years upon the terms hereof, the following parcel or boundary of land. . . ."

The lease was renewed three times for twenty-year terms and the most recent renewal was made in 1971. At the time this action was brought in the circuit court, appellee Baltimore and Ohio Railroad Company had subleased 3.19 acres of the original 6.4 acre tract to appellee Allegheny Lumber Company, Inc., for an annual rent of $3,000.

The appellants contend that the circuit court erred in

construing the quoted 1911 lease as creating a perpetual lease at the option of the lessees. Appellants claim that the intent to create a perpetual lease must appear from clear and unequivocal language, and that the language of the 1911 instrument is not sufficiently clear to establish a perpetual lease. In support of this proposition, however, appellants cite only cases from jurisdictions outside of West Virginia—and indeed, cases in which the respective courts avoided perpetual leases only through a strained interpretation of the language in the leasehold instruments. Moreover, the cited cases are distinguishable because the facts surrounding the execution of the leases or the instruments taken as a whole even in the face of individual clauses apparently creating perpetual leaseholds indicated an intent to create something less than a perpetual lease.

For example, appellants rely on the case of *Geyer v. Lietzan,* 230 Ind. 404, 103 N.E.2d 199 (1952) where the court determined that a perpetual lease was not created by a clause which said:

> " '. . . the lessee shall, at his option, be entitled to the right and privilege of renewing this lease with and under all the terms and conditions thereof, successively, providing that said lessee shall, at least thirty (30) days before the expiration of any two year period of this lease, or any successive renewals thereof, give written notice of his intention so to renew to the lessors; . . .' "

The court stated that the quoted language taken alone would imply a perpetual lease, but nevertheless held that other facts of the case such as covenants usually appearing only in short term leases and the short two-year term favored a construction which avoided a perpetual lease. The court explained the meaning of the word "successive" by saying, ". . . 'successive' imports concatenation. It does not define duration." The logic of this definition eludes our understanding. This Court holds that in the case *sub judice* the word "successive" means "one after the other," and the option provision makes the duration as long as the lessee wishes.

Appellants further rely on the case of *McLean v. United States,* 316 F. Supp. 827 (E.D.Va. 1970). In that case the court construed a year-to-year lease between a Navy officers' club and the landowner as non-perpetual because of the overall intent of the parties based on the facts: the officers' club could not enter into a lease for more than a year; the lease was on a short form; the lease was not under seal; the lease contained restrictions concerning the use of the land; and, there were no standard escalation clauses which usually exist in modern long term leases. The *McLean* court specifically indicated that use of the word "successive" would imply a perpetual lease and that nowhere in the lease in question had that word or similar words such as "perpetual," "forever," "for all times," or "in perpetuity" appeared.

West Virginia law disfavors perpetual leases, but doubtful questions will usually be construed in favor of the lessee. *Lawson v. West Virginia Newspaper Publishing Co.,* 126 W.Va. 470, 29 S.E.2d 3 (1944); *Hacquard v. Sweetwine,* 92 W.Va. 681, 115 S.E. 797 (1923). The fact that perpetual leases are not favored does not mean that they are contrary to public policy. They have long been recognized as valid and binding in this State. *Thaw v. Gaffney,* 75 W.Va. 229, 83 S.E. 983 (1914). Where the intent of the parties is clear, this Court will not use the vehicle of interpretation to relieve one party of a bad bargain. This Court held in the comparatively recent case of *Conley v. Gaylock,* 144 W.Va. 457, 108 S.E.2d 675 (1959) that a perpetual lease is not void nor otherwise unenforceable because the lessee alone is given the option to continue the lease.

It is clear from the language of the lease in the case at bar that the intent of the parties was to provide for an option on the part of the lessee to renew for successive twenty-year periods upon the same terms as the original lease. This interpretation is given added strength by the use of the phrase "the party of the second part or its assigns" which contemplates successors in interest and a long term arrangement. Another clause in the lease not

previously quoted contains the phrase, "or any and all renewals thereof" which contemplates more than one renewal and gives further evidence of the intent of the parties to create a perpetual lease at the option of the lessee.

Therefore, we hold that the original 1911 instrument created a perpetual lease at the option of the lessee, and accordingly the judgment of the Circuit Court of Randolph County is affirmed.

*Affirmed.*