ALVIN R. DIXON AND MARVIN C. MILLS v. THOMAS W. RIVERS AND WIFE, IZABEL B. RIVERS, J. CARLTON PARSONS, JR., AND E. B. AYCOCK AND WIFE, JEAN H. AYCOCK

No. 773DC671

(Filed 11 July 1978)

**Landlord and Tenant § 13.2— lease for stated term—covenant for perpetual renewal enforceable**

The trial court properly concluded as a matter of law that a lease between plaintiffs' predecessor in title and defendants was a lease for a term of ten years with a valid and enforceable covenant for perpetual renewal where the lease provided that the lease "shall begin as of the date hereof and shall exist and continue for a period of 10 years"' and that "this lease shall be renewed for an additional period of 10 years, and thereafter shall be renewable every 10 years for so long as parties of the second part so desire," provided that the tenants kept the property in good repair.

Judge MORRIS dissents.

APPEAL by plaintiffs from *Phillips (Herbert O.), Judge.* Judgment entered 31 May 1977 in District Court, PAMLICO County. Heard in the Court of Appeals 23 May 1978.

Plaintiffs, owners of a certain parcel of land which they purchased from G. B. Hardison and wife in January 1976, seek to have defendants ejected from the property on the ground that their lease agreement with N. W. Hardison (G. B. Hardison's predecessor) created a tenancy at will which was terminated by plaintiffs as of 15 July 1976. In June 1950, N. W. Hardison leased to J. C. Parsons a tract or parcel of land lying and being on Baird's Creek in Pamlico County which lease was duly recorded in the office of the Register of Deeds of Pamlico County and subsequently assigned by J. C. Parsons to J. C. Parsons, Jr. On 15 July 1953, N. W. Hardison, by and with the consent of J. C. Parsons, Jr., entered into a new lease with Thomas W. Rivers and wife, Izabel B. Rivers, for the tract or parcel of land in question. The defendants Rivers and defendants Aycock have at all times from July 15, 1953, forward paid the rent due under the lease and have also complied with the other conditions of said lease as to maintenance of the building and improvements on said property. In 1976 plaintiffs purchased a large tract of land, which included the tract or piece of land leased to defendants, from Garvin Hardison and others (who were successors in interest to N. W. Hardison), and in said conveyance were duly alerted to the existence of the lease to Thomas W. Rivers and wife, and their heirs and assigns, by reason of the lease dated July 15, 1953, and recorded at the office of the Pamlico County Registry. Thereafter, plaintiffs notified defendants to vacate the premises, which demand was refused, and the defendants continued to occupy and to remain in possession of the property which they had occupied since 1953. When plaintiffs refused to accept the rent duly tendered, defendants paid the rent money for 1976-1977 into the hands of the Clerk of the Superior Court of Pamlico County to be held pending the decision of this lawsuit.

All parties filed motions for summary judgment. The court denied plaintiffs' motion and allowed defendants' motion after finding defendants to be in lawful possession under the terms of the lease, said lease being for a term of ten years with a perpetual right of renewal for additional periods of ten years. Plaintiffs appealed.

*Stubbs and Perdue, by Gary R. Perdue, for the plaintiffs.*

*Underwood & Manning, by Sam B. Underwood, Jr., for the defendants T. W. Rivers and wife, Izabel B. Rivers, and E. B. Aycock and wife, Jean H. Aycock.*

MARTIN, Judge.

The question presented by this appeal is whether the trial court erred in concluding, as a matter of law, that the subject lease agreement created a lease for a term of ten (10) years with a perpetual right of renewal for like terms, and that defendants are in lawful compliance with the terms of said lease.

In the case at bar, the lease in question provides in pertinent part as follows:

"1. This lease shall begin as of the date hereof and shall exist and continue for a period of 10 years.

"2. Upon the expiration of the abovementioned period of 10 years, if said property has been kept in a good state of repair, and if said parties of the second part so desire, this lease shall be renewed for an additional period of 10 years, and thereafter shall be renewable every 10 years for so long as parties of the second part so desire.

\* \* \*

"5. This lease shall inure to the benefit of and be binding upon the parties hereto, their heirs, executors, administrators, and assigns."

Plaintiffs contend that the above language does not create a lease for a term of years, but, at most, creates a tenancy at will. In support of this contention, plaintiffs rely upon *Barbee v. Lamb*, 225 N.C. 211, 34 S.E. 2d 65 (1945) (cases cited therein) where the Court held that when one "enters into possession of premises . . . under an agreement which is for an indefinite and uncertain term, (citation omitted), or for so long as the tenant may wish to occupy the premises (citation omitted), he becomes a tenant at will." They argue that, in the instant case, the duration of the term was indefinite and uncertain in that clause two of the lease, as set forth above, allows the lease to last "for so long as parties of the second part so desire." While we recognize the principle enun-

ciated in *Barbee*, we find such inapposite to the case at bar and, thus, cannot agree with plaintiffs' construction of the subject lease.

In *Barbee* and each of the cases cited therein, the use and possession of the premises was conveyed to the tenant for "so long as [he] and his family would live thereon" or "so long as [he] may wish to tend it himself." However, in none of these cases does language appear purporting to delineate the length of the term or providing for a covenant to renew the term. Clearly, the instant case is distinguishable. The language of the subject lease provides that the lease shall commence "as of the date hereof [15 July 1953]" and shall exist for a definite "period of 10 years." Such language clearly creates a lease for a term of ten (10) years. *See Helicopter Corp. v. Realty Co.*, 263 N.C. 139, 139 S.E. 2d 362 (1964). The effect of clause two is to create a *covenant to renew* the lease, upon expiration of the initial ten (10) year period, for a like term of ten (10) years. Pertinent to the covenant to renew created therein, clause two further provides, in clear and unequivocal language, that the lease "shall be renewable every 10 years for so long as parties of the second part so desire." We are of the opinion that this language, taken in conjunction with clause five—set forth above—unmistakably indicates the parties' intention to permit the lessees, and their heirs and assigns, to renew the lease *perpetually.*

Our courts have not been previously confronted with the construction and validity of perpetual leases or leases containing covenants for perpetual renewal. However, the generally accepted rule, followed by a majority of other jurisdictions, is that while the law does not favor a covenant to renew a lease perpetually, the covenant will be enforced where the language of the lease unmistakably indicates that the parties intended to provide for such renewal. *See* Annot., 31 A.L.R. 2d 607. Inherent in this general statement of the law, and equally well settled as law, is the proposition that a covenant for perpetual renewal does not contravene the rule against perpetuities. Simes, The Law of Future Interests, § 132 (2d ed. 1966); Annot., 162 A.L.R. 1147 (cases cited therein). There is no violation of the rule against perpetuities because the covenant to renew is a part of the lessee's *present interest* in the leasehold, a vested interest; hence, it is not open to objection for remoteness of vesting. Gray, The Rule Against Perpetuities,

§ 230 (4th ed. 1942); *see* Annot., 66 A.L.R. 2d 733. Accordingly, we find no error in the trial court's conclusion, as a matter of law, that the subject lease is a lease for a term of ten (10) years with a valid and enforceable covenant for perpetual renewal.

In addition, we concur with the trial court's conclusion of law that there exists no genuine issue of material fact as to whether defendants are in compliance with the terms of said lease and, therefore, in lawful possession of the leasehold. Plaintiffs admit in their complaint that, prior to their purchase of the subject land, they were aware of defendants' leasehold interest in and possession of a certain parcel of the subject tract. In fact, plaintiffs' deed to this land contains an express exception alerting them to the existence of the lease agreement with defendants. We note also that in their answers to defendants' request for admissions, plaintiffs admit that payment of the annual rent, due on or before 15 July 1976, was duly tendered by defendants in apt time and well before 15 July 1976. Finally, we find of particular importance the parties' stipulation of 15 February 1977 that

> "[A]t all times beginning from the date of July 15, 1953, and thereafter, payment of the annual rent duly due under the terms of the lease dated July 15, 1953, . . . was duly tendered by [defendants] to plaintiffs' predecessors in interest and that since said date of July 15, 1953, defendants Thomas W. Rivers and wife, Izabel B. Rivers, have maintained all buildings and improvements on said property in a good state of repair."

Based on our construction of the lease and on the above pleadings, admissions and stipulations, we find that there is no genuine issue of material fact as to the lawfulness of defendants' possession under the lease. Summary judgment was, therefore, properly entered in defendants' favor.

Affirmed.

Judge VAUGHN concurs.

Judge MORRIS dissents.