**Mary Lee Simmons HULL et vir., Joe Hull, Appellants,**

v.

**QUANAH PIPELINE CORPORATION, Appellee.**

**No. 16042.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 15, 1978.

Rehearing Denied Dec. 13, 1978.

Bradley C. Miles, San Angelo, for appellants.

George W. Harrison, San Angelo, for appellee.

OPINION

KLINGEMAN, Justice.

This suit involves an option of renewal in a lease contract. Mary Lee Simmons Hull

and husband, Joe Hull, as plaintiffs, brought this suit against Quanah Pipeline Corporation, as defendant, in the District Court of Sutton County, seeking a declaratory judgment to determine whether a certain lease dated June 16, 1976, terminated one year later, or whether the lease was enforceable against the plaintiffs, as lessors, as a perpetual lease at the option of the defendant. The trial court held that the lease in question was valid and enforceable, and the instrument was construed as granting unto the defendant the right to renew the lease from year to year indefinitely or perpetually for the same consideration and under the same terms and conditions as the primary term of said lease. The trial court made extensive findings of fact and conclusions of law.

Plaintiffs' sole point of error is that the trial court erred in construing the lease in question as granting to the defendant the right of indefinite or perpetual renewal of said lease.

The lease in question covers a tract of approximately two acres of land for a primary term from June 16, 1976, to June 16, 1977. It provides for an annual rental of $200 to be paid yearly. The pertinent provisions with regard to the option to renew are set forth as follows:

It is further agreed that for and in consideration of the covenants and agreements and the payment for the initial term above set forth, the Lessee shall have and is hereby granted by the Lessors, and [sic] indefeasible option to extend such lease for an additional year and from year to year thereafter for the same consideration and under the same terms and conditions as set forth herein by Lessee paying Lessors the annual rental provided herein each year prior to the anniversary date of this lease. . . .

It is the intention that said Lessee shall have the use and benefit of said real estate so long as used for the above purposes and the annual rental is paid for the use thereof. . . .

It is further understood that upon the exercise by Lessee of the option for extension of this lease, said extension shall be upon the same terms and conditions as herein provided for the primary term of one year and no new agreement need be entered into.

In summary, appellants contend that (1) generally, an option to renew a lease at the end of the term is satisfied with only one renewal of a like term, otherwise a lease in perpetuity would be created which the law does not favor; (2) the construction of the lease by the trial court constituted a taking of plaintiffs' property without just compensation and without due course of law; and (3) the option to renew is invalid because it is not supported by any consideration. We do not regard the cases and authorities cited by plaintiffs as controlling.

The rule appears to be that while the right to perpetual renewal is not favored and there is no presumption that the parties intended to create a perpetual right, nevertheless, where the intention to create a right of renewal in perpetuity is clearly and unambiguously expressed the obligation so created is valid and enforceable, except where it is prohibited by statute or is otherwise in violation of the law. 51C C.J.S. *Landlord and Tenant* § 61 (1968).

The only Texas case we have found to speak on the subject of the perpetual leasehold is *Pickrell v. Buckler*, 293 S.W. 667 (Tex.Civ.App.—El Paso) *writ ref'd, per curiam*, 116 Tex. 567, 296 S.W. 1062 (1927), which is not directly in point. The original lease in that case was for a period of seven years, with an option to renew under certain conditions. Shortly before a termination of the original lease the parties entered into an extension agreement for an additional seven years. At the end of this term, the lessee gave notice of his desire to renew the lease and the lessor denied that he had any right of renewal. The El Paso Court of Civil Appeals held that the option to renew was void for uncertainty. The court stated that there was no doubt that under the terms of the original lease the plaintiffs were entitled to but one renewal. The court indicated therein that the right to perpetual renewal is not favored, and there

is no presumption that the parties intended to create a perpetual right unless the plain and unmistaken import of the language so shows.

The Supreme Court of Texas, in a per curiam opinion, was not inclined to view the covenant to renew in the original lease as void for uncertainty, but held that under the writings executed by the parties the lessee had no right or option to renew the lease more than one time. 296 S.W. at 1062. The lease in *Pickrell* differs in many respects from the lease we have before us.

We have concluded that the better and correct rule is set forth in 50 Am.Jur.2d *Landlord and Tenant* § 1169 (1970), wherein it is stated:

> Although there is some contrary authority, the generally accepted view is that a provision clearly giving the lessee and his assigns the right to perpetual renewals is valid in the absence of some statutory prohibition, and will be enforced by the courts, although such a provision in a lease is not favored by the courts, and a lease will be construed as not making such a provision unless it does so clearly.
>
> It has been generally held that a provision in a lease for perpetual renewal is not violative either of the rule against perpetuities or of statutes limiting the period during which the absolute power of alienation may be suspended. The reason for this is that the covenant to renew may be taken as part of the lessee's present interest. It is obvious that a perpetual lease, or a lease containing a covenant for perpetual renewal, is not a restraint or limitation upon the power of alienation of the fee, for there are at all times persons in being who, by joining, can convey the fee.

See also Annot., 31 A.L.R.2d 607 (1953), on the right to second or perpetual renewal of leases.

The lease involved here clearly and specifically shows that it was the intention of both the lessor and the lessee that the lessee should have a right of perpetual renewal. The applicable provisions of this lease with regard to renewals have previously been set forth in this opinion and are also set out in the trial court's findings of fact and conclusions of law. The provisions of the lease are plain and unambiguous and they clearly evidence an intent and purpose to create a right of perpetual renewal. The lease is valid and enforceable and the trial court's holdings and findings are correct.

The judgment of the trial court is affirmed.