EVELYN W. LATTIMORE v. FISHER'S FOOD SHOPPE, INC.

No. 429PA84

(Filed 7 May 1985)

1. **Landlord and Tenant § 13.2— perpetual renewal of lease—words of perpetuity required**

    No perpetual lease or right to perpetual renewals may be found to have been created unless the lease agreement contains the terms "forever," "for all time," "in perpetuity" or words *unmistakably* of the same import. The terms "successive" and "for so long as" do not have the same unmistakable import in the context of a lease agreement as do the customary words of perpetuity.

2. **Landlord and Tenant § 13.2— renewal of lease—no ambiguity—no parol evidence**

    A lease which did not contain the customary words of perpetuity or words unmistakably of the same import was not ambiguous; therefore, defendant was not entitled to introduce evidence of the conduct of the parties prior to and subsequent to the execution of the lease, and the issue of whether defendant could present evidence of laches, mutual mistake and draftsman's error was not reached.

    Justice VAUGHN did not participate in the consideration or decision of this case.

---

ON discretionary review of the decision of the Court of Appeals, 69 N.C. App. 227, 316 S.E. 2d 344 (1984), reversing summary judgment entered in favor of the plaintiff by *Judge Coy E. Brewer, Jr.* on July 19, 1982 in Superior Court, WAKE County, and remanding for entry of summary judgment in favor of the defendant. Heard in the Supreme Court February 6, 1985.

*Manning, Fulton and Skinner, by Michael T. Medford and Emmett Boney Haywood for the plaintiff appellant.*

*Boxley, Bolton and Garber, by Ronald H. Garber for the defendant appellee.*

MITCHELL, Justice.

The pivotal issue in this case concerns the interpretation to be given to portions of a commercial lease agreement. Specifically the issue before this Court is whether the provisions in question confer upon the defendant-lessee a right to perpetual renewals of the lease. We hold that they do not and accordingly reverse the decision of the Court of Appeals.

The plaintiff, Evelyn Lattimore, owns a store building and service station on Six Forks Road in Wake County. In 1975 the plaintiff entered into negotiations with George Fisher, president of the defendant-corporation, to lease the premises. In March, 1975 the parties executed a lease agreement for all the premises except a center section of the building which the plaintiff retained to operate as a clothing store. The lease included provisions covering matters such as the maintenance of the building, the acquisition of liability and fire insurance, rental payments, and the right of the tenant to make alterations and improvements to the premises. The defendant took possession of the premises and made repairs and improvements to the property including replacement of the shelves in the store, adding more gas pumps and underground storage tanks, and replacement of the building's electrical system.

Approximately three years after the lease was executed a dispute arose between the parties as to the effect of certain language in the lease relating to its renewal. The focus of the dispute was on Paragraph Nine which provides:

> This lease shall be automatically renewed for successive five-year terms, at the increased rentals provided hereinbefore, unless the Tenant gives to Lessor in writing notice on or before ninety (90) days prior to the end of any five-year term; and each renewal shall, except for increased rental, be upon the same terms and conditions of this lease. This lease may be terminated by the Tenant upon the giving of the written 90 days notice to the Lessor, immediately prior to the end of a five-year term.

Also relevant to the disagreement was a portion of the lease regarding rent which stated that the rental payments were to be made:

> At the rate of Eight Hundred ($800.00) Dollars per month, payable on the first day of each and every month, in advance, for and during the first five-year term; and for and during each successive five-year term thereafter an additional sum of One Hundred ($100.00) Dollars per month, in advance and cumulatively, for so long as this lease agreement shall continue . . . .

The defendant contends that this language gave it a perpetual right to renewals for successive five-year terms as long as its obligations under the lease were satisfied. The plaintiff contends that the lease gave the corporation a right to only one renewal and that subsequent renewals must be by mutual consent.

The plaintiff initiated this action seeking a judgment declaring that the lease did not grant the corporation a perpetual lease or, in the alternative, reformation of the lease agreement or a declaration that the lease was null and void. The defendant filed its answer and a counterclaim seeking a judgment declaring that the lease gave it a perpetual right to renewals or, in the alternative, a judgment for $23,405.10 for improvements and repairs made to the property by the corporation.

The trial court, on motion by the defendant, dismissed the plaintiff's claims for reformation of the lease and for a declaration that it was null and void. The trial court denied the defendant's motion to dismiss the plaintiff's action for a declaratory judgment regarding the interpretation to be given the lease.

The parties subsequently filed cross-motions for summary judgment. The trial court granted the plaintiff's motion and entered summary judgment in her favor. The judgment declared that the lease was for a term of five years with the defendant-lessee having an absolute right to only one renewal and with additional renewals to be upon mutual consent. The Court of Appeals reversed, holding that the lease gave the defendant a perpetual right to renewals, and remanded the case for entry of summary judgment for the defendant.

Although the Court of Appeals has previously addressed the issue of the validity of perpetual leases and covenants for perpetual renewals. *E.g., Oglesby v. McCoy*, 41 N.C. App. 735, 255 S.E. 2d 773, *disc. rev. denied*, 298 N.C. 299, 259 S.E. 2d 301 (1979); *Dixon v. Rivers*, 37 N.C. App. 168, 245 S.E. 2d 572, *cert. granted*, 295 N.C. 733, 248 S.E. 2d 867, *motion to dismiss allowed* (1978), this is the first time this Court has done so. The generally accepted view is that a covenant for perpetual renewals is not forbidden by law and will be enforced by the courts. *See, e.g., Williams v. J. M. High Co.*, 200 Ga. 230, 36 S.E. 2d 667 (1946); *Hull v. Quanah Pipeline Corp.*, 574 S.W. 2d 610 (Tex. Civ. App. 1978); R. Cunningham, W. Stoebuck, and D. Whitman, *The Law of Property* § 6.62 (1984). Specifically, a provision granting a right to perpetual renewals is not objectionable on the basis that it constitutes a violation of the rule against perpetuities. *Dixon v. Rivers*, 37 N.C. App. at 171, 245 S.E. 2d at 574; L. Simes, *The Law of Future Interests* § 132 (2nd ed. 1966); J. Gray, *The Rule Against Perpetuities* § 230 (4th ed. 1942). This is so because the covenant to renew is considered part of the lessee's present interest and because there are at all times persons in being who by joining together can convey the fee. *E.g., Lloyd's Estate v. Mullen Tractor & Equipment Co.*, 192 Miss. 62, 4 So. 2d 282 (1941); *Tipton v. North*, 185 Okla. 364, 92 P. 2d 364 (1939).

Although not invalid as a matter of law, perpetual leases and covenants for perpetual renewals are not favored and will not be enforced absent language in the lease agreement which expressly or by clear implication indicates that this was the intent of the parties. 2 M. Friedman, *Friedman on Leases* § 14.1 (2nd ed. 1983); 3 G. Thompson, *Commentaries on the Modern Law of Real Property* § 1088 (1980). *See, e.g., Winslow v. Baltimore & Ohio Railroad Co.*, 188 U.S. 646 (1903); *Waldrop v. Siebert*, 286 Ala. 106,

237 So. 2d 493 (1970); *Geyer v. Lietzan,* 230 Ind. 404, 103 N.E. 2d 199 (1952); *Vokins v. McGaughey,* 206 Ky. 42, 266 S.W. 907 (1924); *Brush v. Beecher,* 100 Mich. 597, 68 N.W. 420 (1896); *Burke v. Permian Ford-Lincoln-Mercury,* 95 N.M. 314, 621 P. 2d 1119 (1981); *McCreight v. Girardo,* 205 Or. 233, 287 P. 2d 414 (1955); *Rutland Amusement Co. v. Seward,* 127 Vt. 324, 248 A. 2d 731 (1968); *Pechenik v. Baltimore & Ohio Railroad Co.,* 157 W.Va. 895, 205 S.E. 2d 813 (1974); *McLean v. United States,* 316 F. Supp. 827 (E.D. Va. 1970). A covenant which in general terms provides for a right to renewals will be construed as granting only one renewal. *E.g., Geyer v. Lietzan,* 230 Ind. 404, 103 N.E. 2d 199 (1952); *Hallock v. Kintzler,* 142 Ohio St. 287, 51 N.E. 2d 905 (1943). *See* R. Cunningham, W. Stoebuck, and D. Whitman, *The Law of Property* § 6.62 (1984).

The foregoing rules reflect the fact that the law is biased against perpetuities. *E.g. Nakdimen v. Atkinson Improvement Co.,* 149 Ark. 448, 233 S.W. 694 (1921); *Hallock v. Kintzler,* 142 Ohio St. 287, 51 N.E. 2d 905 (1943). Furthermore, by requiring that a perpetual lease or a right to perpetual renewals be shown by either express language or clear implication, these rules protect property owners from inadvertently leasing away their property forever. *See Tischner v. Rutledge,* 35 Wash. 285, 77 P. 388 (1904). Believing them to be founded upon sound public policy, we adopt and apply the rules previously stated herein. Perpetual leases and covenants for perpetual renewals are not favored and shall not be enforced unless the intent to create them is shown by clear and unequivocal terms in the lease agreement.

The defendant contends that the language of the lease in question here clearly and unequivocally indicates that the parties intended to establish a right to perpetual renewals. The defendant first points out that Paragraph Nine provides for the automatic renewal of the lease unless the lessee gives written notice that it intends to terminate. It is true that some courts have indicated that a clause authorizing automatic renewals creates a right to perpetual renewals. *See, e.g., In re Mackie's Petition,* 372 Mich. 104, 125 N.W. 2d 482 (1963). Other courts, however, have held to the contrary. *E.g., Rutland Amusement Co. v. Seward,* 127 Vt. 324, 248 A. 2d 731 (1968). We conclude that such clauses providing for automatic renewals do not express the

intent of the parties so clearly and unequivocally as to create a right to perpetual renewals of a lease.

The defendant next points out that Paragraph Nine also provides that "each renewal shall, except for increased rental, be upon the same terms and conditions of this lease." Some courts have said that a provision giving the lessee the right to renew under the same terms and conditions as the original lease creates a right to perpetual renewals. *See, e.g., Seaboard Coast Line Railroad v. Adcock,* 119 Ga. App. 812, 168 S.E. 2d 606 (1969). Other courts, however, have rejected this contention. *E.g., Winslow v. Baltimore & Ohio Railroad,* 188 U.S. 646 (1903); *Diffenderfer v. Board of President,* 120 Mo. 447, 25 S.W. 542 (1894); *Gleason v. Tompkins,* 84 Misc. 2d 174, 375 N.Y.S. 2d 247 (1975). Considering the conflicting results reached by courts in such cases, we conclude that such provisions for renewal upon the same terms and conditions as those of the original lease cannot be said to establish the intent to create a right to perpetual renewals by clear and unequivocal language.

[1] The presence or absence of "customary words of perpetuity" must be accorded great significance in determining whether a perpetual lease or a perpetual right to renewals exists. *E.g., Lonergan v. Connecticut Food Store, Inc.,* 168 Conn. 122, 357 A. 2d 910 (1975); *Rutland Amusement Co. v. Seward,* 127 Vt. 324, 248 A. 2d 731 (1968); *Geyer v. Lietzan,* 230 Ind. 404, 103 N.E. 2d 199 (1952). Customary words of perpetuity include the terms "forever", "for all time", and "in perpetuity". *Lonergan v. Connecticut Food Store, Inc.,* 168 Conn. 122, 357 A. 2d 910 (1975); *Geyer v. Lietzan,* 230 Ind. 404, 103 N.E. 2d 199 (1952). Believing that the use of such terms is the only clear and unequivocal way to establish the intent of the parties to create a perpetual lease or a right to perpetual renewals, we adopt and apply a "bright-line" rule requiring that these customary words of perpetuity or terms *unmistakably* of the same import must expressly appear in a lease agreement in order to create any such rights. This rule is the best method of forcing the parties to a lease to specifically consider and directly express their intent. If customary words of perpetuity or terms unmistakably of the same import are included in the lease agreement, a lessor cannot be said to have inadvertently leased away the premises forever. If they are not included in the lease agreement, then this rule will merely reflect

the well established view that perpetuities are not favored by the law.

We recognize the general rule that a contract is to be construed as a whole with each provision considered in the context of the entire contract. *E.g.*, *Dixie Container Corp. v. Dale*, 273 N.C. 624, 160 S.E. 2d 708 (1968). Since the law strongly disfavors perpetuities, however, we have concluded that the special "brightline" rule we adopt and apply here is necessary for construing provisions allegedly granting perpetual leases or rights to perpetual renewals. Unless a lease agreement contains the terms "forever", "for all time", "in perpetuity" or words *unmistakably* of the same import, no perpetual lease or right to perpetual renewals may be found to have been created.

The lease in question does not contain the terms "forever", "for all time", or "in perpetuity". The defendant argues, however, that the word "successive", which is found in Paragraph Nine and in a portion of the lease provision regarding rent, is similar in import to these customary words of perpetuity. Some courts accept the view that the word "successive" implies a perpetuity. *E.g.*, *Pechenik v. Baltimore & Ohio Railroad Co.*, 157 W.Va. 895, 205 S.E. 2d 813 (1974); *Gleason v. Tompkins*, 84 Misc. 2d 174, 375 N.Y.S. 2d 247 (1975); *McLean v. United States*, 316 F. Supp. 827 (E.D. Va. 1970). Others do not. *E.g.*, *Geyer v. Lietzan*, 230 Ind. 404, 103 N.E. 2d 199 (1952); *Burke v. Permian Ford-Lincoln-Mercury*, 95 N.M. 314, 621 P. 2d 1119 (1981). We conclude, however, that the word "successive" does not have the same unmistakable import in the context of a lease agreement as do the customary words of perpetuity previously set out. The word "successive" is defined as: "Following one after another in a line or series." *Black's Law Dictionary* 1600 (rev. 4th ed. 1968). It does not convey the same unmistakable meaning that a lease agreement is of unlimited and unending duration as do the terms "forever", "for all time", and "in perpetuity". *See Geyer v. Lietzan*, 230 Ind. 404, 103 N.E. 2d 199 (1952). The same is true of the term "for so long as" which the defendant also contends is an adequate expression of perpetuity.

Since the lease agreement here does not contain the customary words of perpetuity previously discussed or terms *unmistakably* of the same import, it creates neither a perpetual lease nor a right to perpetual renewals. Therefore, the trial court

properly entered summary judgment for the plaintiff, and the decision of the Court of Appeals must be reversed.

[2] The defendant contends that it is entitled to show the conduct and statements of the parties prior and subsequent to the execution of the lease to aid in construing the provisions relating to renewal. Parol evidence is admissible for such a purpose only if the writing is found to contain an ambiguity. *E.g., Root v. Insurance Co.,* 272 N.C. 580, 158 S.E. 2d 829 (1968). Under the rule we adopt and apply, however, there is no ambiguity in the lease agreement. Therefore, we reject this contention.

The defendant also contends that if the lease agreement is ambiguous with respect to the renewal provision, the defendant is entitled to present evidence to show the defenses of laches, mutual mistake of the parties and draftsman's error. Since no such ambiguity exists, we need not address these contentions.

The decision of the Court of Appeals is reversed. This case is remanded to the Court of Appeals with instructions to reinstate the summary judgment for the plaintiff entered by the trial court.

Reversed and remanded.

Justice VAUGHN took no part in the consideration or decision of this case.