PER CURIAM.
Plaintiff lessor appeals an adverse summary judgment relieving the decedent’s estate from liability for rent payments from the date of decedent’s death.
Plaintiff-appellant, Harvey Goodman, is the owner of the Plaza West Apartments on Miami Beach and the deceased, Rose Wal-lach, entered into a one-year apartment lease agreement commencing November 1, 1975. Wallach died on December 29 and defendant, Caroline Jardine, was appointed personal representative of the estate. No rental payments were made from January-November, 1976 and Goodman filed suit against the estate to recover these payments. Thereafter, he moved for summary judgment in that the only question to be determined was whether or not the subject lease agreement was a personal contract and obligation of Rose Wallach, which obligation became null and void upon her demise. After hearing argument of counsel, the judge determined that the lease was personal and entered summary judgment for Jardine. We affirm.
“The line of demarcation between contracts that are purely personal in nature . and contracts which the personal representative could complete as well as the deceased could have done, on the other hand, is not clearly defined and can only be determined in many instances by an inspection of the facts and circumstances in the particular case.” Frissell v. Nichols, 94 Fla. 403, 410, 114 So. 431, 434 (1927).
After reviewing the facts and circumstances the trial judge determined the lease to be personal in nature and appellant has failed to demonstrate that this determination is erroneous or against the manifest weight of the evidence.
Affirmed.