22269

Phyllis Gray RODGERS, Respondent, v. Gene Thomas GRAY, Appellant.

(328 S. E. (2d) 478)

Supreme Court

*Harry C. Wilson, Jr.,* of *Lee, Wilson, Erter & Booth,* Sumter, *for respondents.*

*William E. DuRant, Jr.,* of *Schwartz, McLeod, DuRant & Young,* Sumter, *for appellant.*

Heard March 12, 1985.

Decided March 29, 1985.

GREGORY, Justice:

This is a child custody dispute. The Family Court ordered custody changed from appellant father to respondent mother. We reverse.

On July 16, 1981, the parties separated. Appellant received custody of the two minor children pursuant to a separation agreement, and then by the divorce decree issued November 4, 1981.

The divorce was granted on the grounds of adultery. It is undisputed that respondent had numerous extramarital affairs. Shortly after the divorce, she married one of her paramours.

In July 1982, respondent petitioned the Family Court for a change in custody. The Court transferred custody, and this appeal followed.

The standard for determining whether custody should be changed is whether there is substantial change in circumstances affecting the welfare of the children. *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612 (1978).

The changed circumstances primarily relied on by the lower court were that the mother had ceased her promiscuity and married into a good family. He also noted a positive DSS home study, and found respondent lived in an excellent school district. No adverse finding was made by the trial judge regarding appellant's parenting skills. In fact, he applauded appellant's care of the children. Therefore, the only findings of changed circumstances were an eight month end to her promiscuity and her remarriage.[1]

Respondent's remarriage and reformation for eight months does not constitute a sufficient change of circumstances, especially since this change has not remained constant. While we applaud her efforts to improve her lifestyle, such personal changes alone do not substantially affect the children for the purposes of tranferring custody. They have no affect on appellant's admitted fitness as a parent. Therefore, we reverse the order of the trial judge.[2] Custody is continued with the father.

Reversed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.

---

[1] These circumstances themselves have now changed. At oral argument, respondent's counsel stated respondent has separated from her second husband.

[2] In the alternative, respondent petitioned for increased visitation. The trial judge did not pass on this issue because of his ruling transferring custody.

At oral argument, this Court was advised that both parties now reside in California. Should respondent desire, she may pursue increased visitation in a subsequent action.