22680

Pamela P. ALLIGOOD, Appellant v.
James Mathews HUNT, Jr., Respondent.
(353 S. E. (2d) 699)

Supreme Court

*John W. Harte*, Aiken, *for appellant.*

*Duke K. McCall, Jr.*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for respondent.*

Heard Jan. 27, 1987.

Decided Feb. 23, 1987.

GREGORY, Justice:

This appeal is from a Family Court order refusing to award appellant (Mother) custody of the parties' four-year-old son based on an alleged change of circumstances. We affirm.

The Family Court awarded respondent (Father) custody of the child in March 1983. Mother regained custody shortly thereafter when she prevailed on a petition for supersedeas to this Court. The child remained in Mother's custody until June 1985 when the Court of Appeals affirmed the Family Court's order and the child returned to Father's custody. Mother then commenced this action to change custody. She alleged a change of circumstances based on her increased emotional and financial stability resulting from her remarriage.

Mother had an adulterous relationship with Kenneth Alligood during the parties' marriage. She subsequently married Mr. Alligood after her divorce from Father in September 1985. She contends the Family Court erroneously considered her prior misconduct in refusing to change custody.

The Family Court order refers to Mother's prior adultery as a factor considered only in comparing the parties' relative stability. Mother is now married for the third time. She had four illicit sexual relationships during the course of her two prior marriages. A parent's morality is a proper factor for consideration in determining custody insofar as it is relevant to the child's welfare. *Linder v. Agnew*, 276 S. C. 153, 276 S. E. (2d) 774 (1981); *Davenport v. Davenport*, 265 S. C. 524, 220 S. E. (2d) 228 (1975). We find no error in the Family Court's limited consideration of Mother's prior adultery as a factor in determining the parties' relative stability as parents.

Mother further contends the Family Court did not give sufficient weight to her remarriage as an indication of increased stability. The Family Court did credit Mother for her remarriage but did not find the remarriage sufficient in itself to justify a change of custody. This ruling was proper. *See Fisher v. Miller*, 288 S. C. 576, 344 S. E. (2d) 149 (1986); *Rodgers v. Gray*, 285 S. C. 111, 328 S. E. (2d) 478 (1985); *Stutz v. Funderburk*, 272 S. C. 273, 252 S. E. (2d) 32 (1979); *Green v. Loveday*, 270 S. C. 410, 242 S. E. (2d) 441 (1978).

Mother claims the Family Court's decision constitutes an overall abuse of discretion in failing to consider evidence of the child's alleged emotional regression and in failing to apply the tender years doctrine. The record is replete with evidence that the child has achieved an advanced maturity and intellectual development and that both parties are fit and loving parents. When both parents are fit to have custody, the trial judge must make the election. *Jones v. Ard*, 265 S. C. 423, 219 S. E. (2d) 358 (1975). The tender years doctrine does not necessarily require that the child's mother be granted custody in preference to the father. *Id.; Green v. Loveday, supra.* The standard for determining a change of custody is whether there has been a substantial change in circumstances affecting the child's welfare. *Rodgers v. Gray, supra.* In view of the absence of evidence showing such a change of circumstances, the Family Court did not abuse its discretion in refusing to change custody.

Mother's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See Smoak v. Liebherr-America, Inc.*, 281 S. C. 420, 315 S. E. (2d) 116 (1984); *Poston v. Southeastern Construction Co.*, 208 S. C. 35, 36 S. E. (2d) 858 (1946) (expert witness). The judgment of the lower court is

Affirmed.

NESS, C. J., CHANDLER, FINNEY, JJ., and Acting Associate Justice LAWRENCE E. RICHTER, JR., concur.