SHERMAN, APPELLANT, *v.* CARLIN, EXR., APPELLEE.

(No. 53390—Decided
March 21, 1988.)

*Dennis H. Sherman,* for appellant.
*Carlin & Carlin* and *William A. Carlin,* for appellee.

NAHRA, C.J. Harlan E. Sherman appeals from the entry of summary judgment in favor of Clarence C. Carlin, Executor of the Estate of James J. Holland.

Sherman, owner of the Embassy House apartment building in Shaker Heights, leased a suite to Holland for a one-year term commencing August 1, 1984. Holland, who had lived in the building for about twenty years, died on August 6, 1984 at age seventy-seven. Holland's estate continued to pay Sherman the $700 monthly rental from September 1984 through January 1985, allegedly with the understanding that Sherman would attempt to relet the apartment. The estate vacated the apartment on October 15, 1984. When the executor stopped making payments, Sherman brought suit praying by amended complaint for $4,200 in back rent and expenses. The executor counterclaimed to recover the five months' rental payments already paid and a $700 security deposit, alleging Sherman failed to mitigate his damages.

Both parties moved for summary judgment. The trial court granted the executor's motion and Sherman appealed. This court, finding that the executor's counterclaim remained outstanding, dismissed the appeal pursuant to Civ. R. 54(B). *Sherman* v. *Carlin* (Nov. 20, 1986), Cuyahoga App. No. 51208, unreported.

On remand the trial court entered judgment for the executor on the counterclaim and awarded $4,200 to the estate. Sherman then brought this timely appeal.

In his sole assignment of error,[1] Sherman contests the trial court's rulings on the parties' motions for summary judgment.

The trial court found that the lease constituted a personal service contract, and that Holland's death rendered performance impossible since he was not survived by a spouse or family member. The court relied on 2 Restatement of the Law, Contracts (1932), Section 459, which provides in part:

"A duty that requires for its performance action that can be rendered only by the promisor or some other particular person is discharged by his death * * * unless the contract indicates a contrary intention * * *."

As a general rule, a lease for a term of years does not terminate by operation of law upon the death of the lessee but passes to his personal representative, who becomes bound as assignee for the remaining term. *Mills* v. *Connor* (1922), 104 Ohio St. 409, 135 N.E. 616, paragraph one of the syllabus; *Becker* v. *Walworth* (1887), 45 Ohio St. 169, 12 N.E. 1, paragraph one of the syllabus. However, a lease may be so personal in its terms as to manifest the parties' intention that the lease terminate upon the tenant's death. Cf. *Bracken* v. *Wagner* (App.

---

[1] See Appendix.

1956), 74 Ohio Law Abs. 85, 3 O.O. 2d 25, 134 N.E. 2d 382; *In re Estate of Logan* (P.C. 1955), 71 Ohio Law Abs. 391, 131 N.E. 2d 454. See, also, *In re Estate of Lewis* (Mo. App. 1973), 492 S.W. 2d 385; *Goodman v. Jardine* (Fla. App. 1977), 353 So. 2d 896.

The lease provided that its terms were binding on the parties' respective "heirs, successors, representatives and assigns." The tenant covenanted not to assign his interest without the assent of the landlord. The lease further contained a clause, left blank by the parties, specifying the number of persons permitted to occupy the suite. The tenant promised not to allow any other person to reside in the premises.

When the terms of a written instrument are clear and unambiguous, a court cannot look beyond the language of the document to discern the parties' intent. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 7 O.O. 3d 403, 374 N.E. 2d 146.

The executor cites the lease's language restricting assignment by the tenant as evidence the parties intended that only Holland would be bound as lessee. We cannot accept this construction. The clause does not prohibit assignment, but only requires the landlord's prior approval. This provision, as well as the clause limiting the number of occupants, acted only to ensure that the tenant's obligations would be performed by Holland or by someone acceptable to the landlord.

The lease unambiguously binds the executor of Holland's estate. In view of the plain meaning of the agreement, the trial court erred in looking beyond the four corners of the instrument.

Our conclusion would not change even if we were to consider the extraneous evidence that was before the trial court. The only evidentiary material presented to the court on this issue was the affidavit of the executor, who averred that after Holland's death, "there was no family [or] representative of his * * * that could occupy and utilize the premises * * *."

The executor was himself a "representative" as contemplated by the lease. Moreover, there was no evidence presented below to suggest that Holland's lack of relatives was a fact within the contemplation of the parties when they executed the lease.

From the evidence presented to the lower court, reasonable minds could only conclude that the lease did not terminate at Holland's death, but was binding upon the executor. Civ. R. 56(C). The trial court thus erred in granting the executor's motion for summary judgment and in denying Sherman's motion.

However, a material issue of fact existed regarding Sherman's alleged failure to mitigate his damages. In his affidavit the executor averred that Sherman had made no apparent effort to prepare the apartment for viewing by prospective tenants. Sherman contested this evidence with the affidavit of Michael Benjamin, a registered architect, who opined that the suite was in "presentable" condition. Sherman also attached receipts for repairs and improvements to the apartment, and for advertising expenses incurred beginning in December 1984. The evidence does not demonstrate, however, that any advertising was employed before this date.

Although the mitigation evidence strongly favors Sherman, there are some possible issues of fact on the mitigation question. Accordingly, this cause must be remanded for trial solely on the issue of Sherman's damages.

Finally, Sherman contends the court erred in denying his request to impose sanctions, including attorney fees, against the executor. Sherman argued below that the executor presented his affidavit in bad faith, and

that sanctions were appropriate pursuant to Civ. R. 56(G).

On the record before the court, there is no evidence that the disputed averments, which relate to the mitigation issue, were false and made in bad faith. Thus, the failure to award sanctions is sustainable.

In his appellate brief, Sherman argues sanctions were sustainable as a Civ. R. 11 penalty or under a theory of abuse of process. These claims, however, were not raised below and shall not be entertained for the first time on appeal. See *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 210, 24 O.O. 3d 316, 317, 436 N.E. 2d 1001, 1003.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

Krupansky and John V. Corrigan, JJ., concur.

## APPENDIX

Appellant's assignment of error is that:

"Plaintiff-appellant Harlan E. Sherman says that the Court of Common Pleas of Cuyahoga County, Ohio, erred to the prejudice of plaintiff-appellant in the following respects:

"1. The court of common pleas based its order granting summary judgment for the defendant-appellee by stating erroneously that a lease for a specific term is a personal service contract and thus terminates upon the death of the lessee if the leasee [*sic*] has no spouse or family capable of living in the leased premises.

"2. The court of common pleas ignored the clause in the subject lease that provides the lease is binding on the heirs, successors and representatives of the parties to the lease.

"3. A determination of the death of a lessee and the marital and family status of the lessee is not sufficient to determine when payment of rent should terminate.

"4. As a minimum, the court of common pleas should have considered that rent is at least due to the date that the premises were vacated.

"5. Where an executor, who is an attorney at law, continues to pay rent on the premises of the deceased, the lessor has the right to rely upon the intention of the executor to pay such rent and not demand a refund after an action is filed by the lessor against the estate.

"6. An executor, who is an attorney, who misleads a trial court with incorrect law and false statements in affidavits should be liable for attorney's fees and sanctions."