2421

Lisa Denise Hines CASH, Appellant v. Billy Aaron CASH, Respondent.
(465 S.E. (2d) 371)

Court of Appeals

*Richard H. Rhodes*, of *Burts, Turner, Rhodes & Thompson*, Spartanburg, *for appellant.*

*James C. Cothran, Jr.*, of *Holcombe, Bomar, Cothran & Gunn*, Spartanburg, *for respondent.*

Submitted Oct. 3, 1995.

Decided Nov. 27, 1995.

SHAW, Judge:

Lisa Hines Cash (the mother) brought this action against Billy Aaron Cash (the father) seeking, among other things, a decree of separate maintenance, custody of the parties' minor child, and equitable division of marital property. The father counterclaimed for a divorce on the ground of adultery, custody of the minor child, equitable division of marital property, and attorney's fees. The mother appeals the family court order (1) granting custody of the parties' minor child to the father, (2) dividing the parties' marital property, and (3) requiring the mother to pay $1575.00 toward the father's attorney's fees and costs. We affirm.

The parties were married on June 1, 1985 and separated in January of 1994. One child, Brittany Allison Cash, was born of the marriage. Incident to the parties' separation, during which time the father remained in the marital home and the mother moved into a motel, they voluntarily agreed to a joint custodial arrangement with each parent spending equal time with the child.[1] In march of 1994, the mother instituted an action against the father seeking separate maintenance, joint custody of the minor child and equitable division. The father counterclaimed seeking a divorce on the ground of adultery, sole custody of the child, equitable division of marital property and attorney's fees and costs. In reply, the mother also sought primary custody of the child.

The parties were divorced in September of 1994. At the time of the hearing, the parties' minor child was three years old. The family court awarded primary custody of the parties' minor child to the father, ordered the parties to maintain their previous custodial arrangement until the child starts manda-

---

[1] By the time of the hearing, the mother had moved out of the motel and was living in a rented home in Cowpens, South Carolina.

tory school, equitably divided the parties' marital property and ordered the mother to pay $1575.00 toward the father's attorney's fees and costs, including $750.00 in costs the father incurred in detective fees. This appeal followed.

## Custody

On appeal, the mother argues the trial court erred in awarding primary custody of the child to the father because the "tender years doctrine" favors an award of custody to her. We disagree.

In appeals from the family court, our court has jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence. The broad scope of review, however, does not require this court to disregard the findings below, nor relieve the appellant of his burden of showing the lower court committed error. *Stevenson v. Stevenson,* 276 S.C. 475, 279 S.E. (2d) 616 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 280 S.E. (2d) 541 (1981).

The family court judge obviously found child custody to be a difficult decision in this case. The judge noted both parties are "head and shoulders above most parents" and either would be fit to provide custodial care for the child. The judge found the mother spent adequate time with the child, did things necessary for the child, and was primarily responsible for keeping the marital home in excellent condition. The judge, however, noted the father was "truly exceptional" and spent more time with the child as a result of the allocation of duties between the parties.[2] The guardian ad litem (GAL) testified he visited both parties in their respective homes during times when Brittany was present. The GAL testified both parties seemed to be excellent parents and stated the child appeared very comfortable and happy with both parents. The GAL did not make a recommendation as to primary custody.

The mother does not challenge the family court judge's findings of fact regarding custody. Rather, in arguing she should have been awarded custody of Brittany, the mother relies

---

[2] As noted by the judge, both parties worked outside the home with the mother earning slightly more income than the father.

heavily, and in fact exclusively, on the provisions of the "tender years doctrine." Specifically, the mother asserts the trial court erred in failing to consider that in cases where both parents are equally suited for custody the tender years doctrine favors the mother. *See Stutz v. Funderburk*, 272 S.C. 273, 252 S.E. (2d) 32 (1979) (wherein, in reversing the family court's award of custody of the parties' six year old child to the father, the court found that "all things being equal, a child of tender years should be with the mother."). The mother's reliance on this doctrine is misplaced.

In child custody disputes, the welfare and best interests of the children is the paramount and controlling consideration and the family court should consider "the character, fitness, attitude and inclinations on the part of each parent" as they impact on the children. *Epperly v. Epperly*, 312 S.C. 411, 440 S.E. (2d) 884 (1994). Until recently, the "tender years doctrine," which creates a preference for the mother of young children, was also a proper factor to be weighed by the family court in determining custody. *Id.* However, the tender years doctrine has now been statutorily abolished. *See* S.C. Code Ann. § 20-7-1555 (Supp. 1994). It follows that to the extend prior case law interprets and applies to the doctrine, the case law is no longer applicable. Because the parties' custody dispute was heard and decided after May 18, 1994, the effective date of the abolishment of the doctrine, the family court judge correctly declined to consider the doctrine as a factor in determining custody. *Id.* (1994 Act No. 395, § 1 eff. May 18, 1994).

Moreover, having thoroughly reviewed the record on appeal, we find ample support for the trial court's findings of fact regarding the parental fitness of both parties. Although we believe the child would have been well cared for had the mother been awarded primary custody, we are not convinced the trial judge abused his discretion in granting custody to the father. *See Smith v. Smith*, 294 S.C. 194, 363 S.E. (2d) 404 (1987) (the question of children's custody is one addressed to the sound discretion of the trial court); *Alligood v. Hunt*, 291 S.C. 368, 353 S.E. (2d) 699 (1987) (when both parents are fit to have custody, the trial judge must make the election). Accordingly, we find no abuse of discretion in the award of primary custody to the father.

### Equitable Distribution and Attorneys Fees

The mother also argues the family court improperly divided the parties' marital property and erred in ordering her to contribute to the husband's attorney's fees. Specifically, the mother asserts the family court (1) improperly included a $2,000 gift to the mother from her grandmother in the marital estate, (2) improperly allocated 57% of the marital estate to the father, due in part to an error in discounting the parties' retirement funds, and (3) relied too heavily on considerations of her fault in the marital breakdown and failed to consider the totality of the parties' financial situations in awarding the father attorney's fees. The family court's order does not specifically address the mother's complaints and no Rule 59(e) motion to alter or amend the court's order addresses the issues. As such, the issues are not preserved for appellate review. *See Washington v. Washington,* 308 S.C. 549, 419 S.E. (2d) 779 (1992) (where the Husband did not raise issues to the family court at trial or through a motion to amend the judgment pursuant to Rule 59(e), SCRCP, the issues are not properly before the appellate court for review).

For the foregoing reasons, the decision of the family court is

Affirmed.

HOWELL, C.J., and CONNOR, J., concur.