THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David J. Frantzis,       
Appellant,
 
 
 

v.

 
 
 
Kristen B. Frantzis,       
Respondent.
 
 
 

Appeal From Berkeley County
Wayne M. Creech, Family Court Judge

Unpublished Opinion No. 2004-UP-051
Submitted October 15, 2003  Filed January 
 22, 2004

AFFIRMED

 
 
 
David J. Frantzis, of Charleston, for Appellant.
Kristen B. Frantzis, of Goose Creek, for Respondent.
D. Allen Badger, of Charleston, for Guardian Ad Litem
 
 
 

PER CURIAM:   David Frantzis appeals the family courts decision to 
 not modify the custody order concerning the Frantzis child. We affirm.
FACTS
Kristen (the mother) and David (the father) Frantzis 
 divorced in August of 2000. In the divorce order, the family court (the court) 
 granted sole custody of the Frantzis child to the mother. The court granted 
 visitation rights to the father and ordered him to pay child support. The court 
 also ordered the father to stay away from the mother and to not harass her. 

In May of 2001, the father petitioned the court 
 to modify the custody arrangement. The father alleged that the mother had used 
 illegal drugs in front of the child and had exposed the child to multiple males 
 who were not family members. The mother responded in a letter, saying that 
 she had never in her life used cocaine, but admitted to living with her fiancé. 
 In July of 2001, the court appointed a GAL. The court also ordered the mother 
 to stop living with her fiancé, as he was still married to another woman. In 
 September of 2002, the court held a hearing about the husbands request. The 
 parties represented themselves at the hearing. 
The judge heard testimony from the father, the 
 mother, the mothers fiancé, and the GAL. He found that (1) the mother and her 
 fiancé had an illegal and immoral relationship; (2) their continued living 
 arrangement violated a previous court order. However, the judge maintained custody 
 with the mother, warning her that she would be held in contempt of court and 
 lose custody of her child if she continued living with her fiancé. The husband 
 appeals.
ISSUES          

(1) Did the family court err in not finding that 
 the father was the more fit custodial parent?
(2) Did the family court err in not enforcing its 
 prior order that required the wife to not expose the child to the adulterous 
 relationship?

ANALYSIS         
When reviewing the factual determinations of the 
 family court, an appellate court may take its own view of the preponderance 
 of the evidence. Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 
 623 (2003) (citing Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 
 157 (1996)). But the appellate court should be reluctant to substitute its 
 own evaluation of the evidence on child custody for that of the [family] court. 
 Id. And where there is disputed evidence, the appellate court may adhere 
 to the findings of the family court. Id. 
Here, the judge heard the testimonies of all parties. 
 The judge then decided that, the mothers living arrangement notwithstanding, 
 the situation did not warrant changing the original custody order. The GALs 
 report had reached the same conclusion. The father failed to provide persuasive 
 evidence that the father would provide a better environment for the child. There 
 is no reason to disturb that finding.
The father also argues that the trial court erred 
 in not holding the mother in contempt after finding that the mother had violated 
 a prior order by continuing to live with her fiancé. This matter was not raised 
 before the family court judge and therefore we cannot review it. See 
 Washington v. Washington, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) 
 (Husband neither raised these issues to the court at trial nor through a Rule 
 59(e) motion to amend the judgment [so] the issues are not properly before this 
 Court for review.);(Cash v. Cash, 320 S.C. 388, 392, 465 S.E.2d 371, 
 373 (Ct. 1995) (holding that when a family courts order does not specifically 
 address an issue and no Rule (59)(e) motion to alter or amend the courts order 
 is made, then the issue is not preserved for appellate review).   
AFFIRMED.
HUFF, STILWELL and BEATTY, JJ., concur.