THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
J.W. Neal Construction, LLC, Respondent,
v.
Enon Missionary Baptist Church,
Appellant.
 
 
 

Appeal from Sumter County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2006-UP-355
Heard October 10, 2006  Filed October 20, 2006

AFFIRMED

 
 
 
M. M. Weinberg, Jr., of Sumter, for Appellant.
Thomas E. Player, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM: In this action for breach of a construction contract, Enon Missionary Baptist Church (Church) appeals the circuit courts order granting summary judgment to J.W. Neal Construction Company (Contractor).  On appeal, Church argues the construction contract required Contractor to procure a performance and payment bond and Contractors failure to obtain this bond justified Churchs rescission of the contract.[1]  We affirm.
FACTS
Church decided to construct a building on its property and hired Thomas R. King as its architect.[2]  King invited bids on the construction project from general contractors.  Contractor was a newly formed general contracting company, owned solely by Wilfred Neal and run by Wilfred and his father, Joshua Neal.  On May 10, 2002, Contractor submitted its bid to King.  Three days later, King informed Contractor it was the lowest bidder and awarded Contractor the job.  
On June 17, 2002, Joshua and the Reverend Stanley Hayes, the churchs pastor, executed a construction contract (the Contract), entitled AIA Document A101 Standard Form of Agreement Between Owner and Contractor.  Section 9.1.2 of the Contract incorporates a list of conditions (the General Conditions), entitled AIA Document A201 General Conditions of the Contract for Construction.  In addition, section 9.1.4 of the Contract incorporates the bidding requirements and specifications previously provided to Contractor as part of its bidding package.  
Section 11.4.1 of the General Conditions provides:

The Owner [Church] shall have the right to require the Contractor to furnish bonds covering faithful performance of the Contract and payment of obligations arising thereunder as stipulated in bidding requirements or specifically required in the Contract Documents on the date of execution of the Contract.

(emphasis added).  No other part of the Contract, either expressly or through incorporation, requires a performance or payment bond. 
On September 10, 2002, the National Bank of South Carolina (NBSC) issued a loan commitment to Church to fund the project.  On the same day, Contractor received a copy of this commitment.  The commitment requires a performance and payment bond.  As a result, Contractor attempted to procure a bond.  
Contractor had trouble obtaining the bond because it was a new company.  As a result, on December 10, 2002, King informed Contractor that Church decided to terminate the Contract.  Contractor responded, informing King and Church the Contract had no bond requirement, indicating Contractor obtained a bond on the day before, and requesting a meeting to work out the problem.  A letter dated December 11 shows Adams Eaddy & Associates (Bonding Company) had approved, but not issued, a bond to Contractor.  
On Monday, December 16, 2002, the parties met.  According to Churchs minutes from this meeting, King talked to Bonding Companys agent, who informed him the bond should be issued by the end of the week.  The minutes also reflect Church informed Contractor it was negotiating with a different contractor and the other contractor has a legitimate chance of obtaining the project if . . . Neal failed to obtain the bond at a reasonable time.
On Friday, December 20, 2002, Bonding Company issued a performance and payment bond to Contractor.  Hayes and Budden wrote Contractor on the same day, explaining, At the meeting . . . you [Joshua] stated . . . you would have the bond by this week which would be December 18, 2002.  The letter also states the other contractor has a legitimate chance of obtaining the project if [Contractor] failed to obtain the bond at the time he stated which would have been December 19, 2002.  Hayes testified in his deposition that Joshua told him to get another contractor if he did not have the bond by December 18.  Despite the fact Contractor had a bond on December 20, Church rescinded the Contract.  As a result, Church hired a new general contractor. 
Subsequently, Contractor filed a complaint against Church for breach of the Contract.  After Church answered, Contractor moved for summary judgment.  The circuit court held a hearing and ultimately granted Contractors motion, holding the Contract contained no performance and payment bond requirement and any modification of the Contract to include a bond requirement was not supported by consideration.  Alternatively, the circuit court held if the Contract did require a bond, Churchs rescission of the Contract based on this requirement was unjustified.  The circuit court left the issue of damages for a jury.  Church appealed.  
STANDARD OF REVIEW
An appellate court reviews the grant of summary judgment under the same standard applied by the circuit court.  David v. McLeod Regl Med. Ctr., 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006).  The circuit court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; Byrd v. City of Hartsville, 365 S.C. 650, 656, 620 S.E.2d 76, 79 (2005).  In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party.  Law v. S.C. Dept of Corr., 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).
LAW/ANALYSIS
I. Section 11.4.1 of the General Conditions
Church contends the circuit court erred in holding section 11.4.1 of the General Conditions did not require Contractor to obtain a performance and payment bond.  We disagree.
The construction and enforcement of an unambiguous contract is a question of law for the court, and thus can be properly disposed of at summary judgment.  Middleborough Horizl Prop. Regime Council of Co-Owners v. Montedison
S.p.A., 320 S.C. 470, 477, 465 S.E.2d 765, 770 (Ct. App. 1995).  The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties intentions as determined by the contract language.  Schulmeyer v. State Farm Fire & Cas. Co., 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003).  The judicial function of a court of law is to enforce contracts as made by the parties and not to re-write or distort, under the guise of judicial construction, the terms of an unambiguous contract.  Dobyns v. S.C. Dept of Parks, Rec. & Tourism, 325 S.C. 97, 103, 480 S.E.2d 81, 84 (1997).  When the language of a written contract is clear and unambiguous, the contract shall determine the rights and obligations of the parties.  Nelson v. Charleston County Parks & Rec. Commn, 362 S.C. 1, 8, 605 S.E.2d 744, 747 (Ct. App. 2004).  
Section 11.4.1 of the General Conditions unambiguously requires another portion of the Contract to trigger Churchs right to require a performance and payment bond.  The bidding requirements provided to Contractor do not require a performance and payment bond.  In fact, King specifically testified he omitted the bond requirement from the specifications and bid requirements provided to Contractor.  Moreover, Church admitted no other provision of the Contract required such a bond at the summary judgment hearing: There is no question about it . . . its [the bond requirements] not on the face of the contractor papers or bid papers.  Additionally, in his deposition, Hayes explained Church would cover the cost of the bond when Contractor obtained it because it wasnt in the initial contract.  (emphasis added).  Under a plain reading of section 11.4.1, Church does not have a right to require Contractor to furnish a performance and payment bond.[3]
II. Kings Deposition Testimony
Church next argues Kings deposition testimony indicates that, prior to execution of the Contract, the parties agreed to include a bond requirement.  The circuit court did not rule on this issue, and Church did not make a Rule 59, SCRCP, motion to obtain a ruling on this issue.  Accordingly, Church failed to preserve this issue for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  Moreover, [t]he parol evidence rule prevents the introduction of extrinsic evidence of agreements or understandings contemporaneous with or prior to execution of a written instrument when the extrinsic evidence is to be used to contradict, vary, or explain the written instrument.  Gilliland v. Elmwood Props., 301 S.C. 295, 302, 391 S.E.2d 577, 581 (1990).  Accordingly, we refuse to consider Kings deposition testimony in determining whether the parties included a bond requirement in the Contract.
III. Churchs Rescission
Finally, Church takes exception to the circuit courts holding that if a performance and payment bond were required by the Contract, Contractors failure to obtain the bond within the time specified by Church did not constitute a material breach of the Contract justifying Churchs rescission.  Because the Contract clearly does not require Contractor to obtain a performance and payment bond, we decline to address this issue.
CONCLUSION
The circuit court properly held the Contract did not require Contractor to obtain a performance and payment bond.  Moreover, Church failed to preserve the issue of the effect of a prior agreement between the parties on the Contract.  Furthermore, we need not address the issue of whether Contractors failure to obtain a performance and payment bond justified Churchs rescission of the Contract.  For the foregoing reasons, the circuit courts order is
 AFFIRMED.
ANDERSON, HUFF, and SHORT, JJ., concur. 

[1] Both the parties briefs and the circuit courts order refer to Churchs repudiation of the contract.  A repudiation is [a] contracting partys words or actions that indicate an intention not to perform the contract in the future; a threatened breach of contract.  Blacks Law Dictionary 1306 (7th ed. 1999).  A rescission is [a] partys unilateral unmaking of a contract for a legally sufficient reason, such as the other partys material breach.  Id. at 1308.  A review of the case reveals the issue is whether Churchs rescission of the contract is justified.
[2] In his deposition, Hazel Budden, a member of Churchs board of trustees, testified the building would be a church.  However, a loan commitment indicates the building would be a Family Life Center. 
[3] In its appellate brief, Church does not argue that subsequent to execution the contract was modified to include the bonding requirement.  Therefore, this issue is not properly before this court for review.  See State v. Nelson, 336 S.C. 186, 192, 519 S.E.2d 786, 789 (1999).