# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeffery C. Wiles, William Talbot,**
**and Cowen Auto Parts, Inc.,**
**d/b/a WBC Enterprises,**
**Plaintiffs Below, Petitioners**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-0557** (Webster County 16-C-13)

**Work4WV-Region 1, Inc.,**
**a West Virginia Corporation,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Jeffery Wiles, William Talbot, and Cowen Auto Parts, Inc., d/b/a WBC Enterprises ("petitioners"), by counsel Howard J. Blyer, appeal the Circuit Court of Webster County's May 23, 2017, order that granted respondent's (Work4WV-Region 1, Inc.) petition for declaratory judgement. Respondent, by counsel Thomas W. White and Haley S. Hillen, filed a response in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in its finding that respondent properly cancelled a lease between the parties pursuant to its terms.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties entered into a written lease agreement dated May 21, 2013, where petitioners agreed to lease a certain portion of real property to respondent. The lease included twenty provisions. The first of those provisions provides as follows:

(1) **TERM AND NOTICES**

The term of this lease, subject to the provisions hereof, shall begin on June 1, 2013; tenant shall occupy the subject space no later than June 1, 2013, provided the landlord has made the necessary accommodations for tenant's use of subject spaces. If the landlord has failed to make the necessary accommodations by June 1, 2013, this lease shall be considered canceled and null. This lease shall be considered renewed for each ensuing fiscal year during the term of the lease unless it is canceled by

1

WORK4WV-REGION 1, INC. 30 days before the end of the fiscal year (June 30). The signing of [the] Lease supersedes and cancels all previous agreements between the parties hereto.

Notices may be given by personal service upon the party(s) entitled to such notice, or by certified mail, duly stamped and directed to the last-known address of the party to be notified, and deposited in the post office. The proper mailing of such notice and not the receipt thereof shall constitute the giving of such notice by either party to the other. Notice shall be directed . . . [ to the parties' address which were provided].

The fourteenth term of the parties' contract provides as follows:

**(14) CANCELLATION OF LEASE**

It is further agreed by and between the parties hereto that the WORK4WV-REGION 1, INC. as Lessee, shall have the right to cancel this lease, without further obligation on the part of the Lessee, upon giving thirty (30) days written notice to the Lessor, such notice being given at least thirty (30) days prior to the last day of the succeeding month.

On April 30, 2014, respondent sent an e-mail to one of petitioners' personal e-mail accounts notifying him that the lease would be cancelled effective June 30, 2014. Petitioners responded on June 11, 2014, and notified respondent that e-mail was not proper service of notice in accordance with the terms of the lease. On June 13, 2014, respondent sent a certified letter canceling the lease if the earlier April of 2014 e-mail did not constitute proper notice. In this letter, respondent asserted that the cancellation of the lease would be effective July 13, 2014, in accordance with provision fourteen of the lease. Petitioners argued that respondent's notice of cancellation was less than thirty days before the end of the 2014 fiscal year and, therefore, provision one renewed the lease agreement for another full year.

On April 26, 2016, petitioners filed a complaint for declaratory judgment alleging that respondent's initial notice of cancelation by e-mail was improper and the notice given on June 13, 2014, was untimely and, therefore, ineffective in providing notice before the lease renewed for the 2015 fiscal year. Respondent answered that the April 30, 2014, e-mail was proper notice of cancellation or, in the alternative, the June 13, 2014, notice of cancelation was proper notice of cancellation in accordance with provision fourteen. The parties submitted memorandums of law in support of their respective positions.

Ultimately, the circuit court found that respondent's e-mail was not proper notice, but the certified letter sent on June 13, 2014, provided proper notice of cancellation. Additionally, the circuit court found that provision fourteen provided a "contractual right for the lessee to terminate their leasehold on the premises, at any time, for any reason, and without penalty or further obligation." Therefore, respondent properly terminated the lease effective July 31, 2014, regardless of the renewal for the 2015 fiscal year. Accordingly, "because the lease afforded [respondent] the right to terminate the agreement without imposing further penalty or

2

obligations, that [petitioners] [are] only entitled to rent monies up through the termination date of July 31, 2014." Petitioners now appeal this May 23, 2017, declaratory judgement order.

We have explained that "[a] circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 1, *Marlin v. Wetzek Cty Bd. of Educ.*, 212 W.Va. 215, 569 S.E.2d 462 (2002) (quoting Syl. Pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995)).

On appeal, petitioners argue that the circuit court erred in finding that respondent's June 13, 2014, notice was a valid cancelation of the lease pursuant to the terms of the lease. Petitioners contend that provision one provides the only method of termination and, therefore, provision fourteen is in direct contradiction to it. Accordingly, petitioners argue that the inclusion of both provisions creates two potential interpretations of the lease making the lease ambiguous. Petitioners argue that the Court has previously held that ambiguity should be resolved against the party that drafted the agreement. *See G.E. Charlton v. Chevrolet Motor Co.*, 115 W.Va. 25, 174 S.E.2d 570 (1934). Therefore, petitioners argue that the circuit court should have resolved the ambiguity in their favor and ruled that respondent owes petitioners rent through June of 2015. We disagree.

This Court has previously held

[a]s with other contracts, the language of a lease agreement must be considered and construed as a whole, giving effect, if possible, to all parts of the instrument. Accordingly, specific words or clauses of an agreement are not to be treated as meaningless, or to be discarded, if any reasonable meaning can be given them consistent with the whole contract.

Syl. Pt. 3, *Moore v. Johnson Serv. Co.*, 158 W.Va. 808, 219 S.E.2d 315 (1975). Further, "where the provisions are free from ambiguity the plain meaning thereof is to be accepted without resort to interpretation." Syl. Pt. 1, *Thomas v. Goodwin,* 164 W.Va. 770, 266 S.E.2d 792 (1980). "Contract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken." Syl. Pt. 6, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 212 W.Va. 275, 569 S.E.2d 796 (2002).

We do not find that provision one and provision fourteen directly contradict one another. Contrary to petitioners' claim, provision one does not indicate that it is the only method by which the lease may be cancelled. Rather, provision one provides how to adequately notify the parties of the intent to cancel the lease and how the lease may be renewed. Conversely, provision fourteen provides to respondent a clear contractual right to cancel the lease on the final day of a month after at least thirty days' notice is provided. In order to give all provisions in the lease meaning, provision fourteen must have a purpose. Accordingly, we find that provision fourteen, which provides the option to cancel the lease upon thirty days' notice, provides a clear method and right of termination for the lessee.

On appeal, petitioners attempt to give a different interpretation to provision fourteen and assert that it may be used only upon the violation of provisions two through thirteen and that this

interpretation benefits both parties. However, some of these provisions have their own method for termination, if violated. For example, provision ten, entitled "DEFAULT BY LESSEE" provides that the lessor may notify the lessee of any defaults of the covenants in the lease and "if such default is not corrected within sixty days after receipt of notification, the lessor may notify the lessee that the lease is terminated . . . ." As stated above, the language of a lease agreement must be construed as a whole and give effect to all parts of the lease if possible. Provision fourteen would be rendered redundant and meaningless under this interpretation proposed by petitioners. Therefore, we find that the clear language of provision fourteen provides its purpose without unnecessary interpretation.

Further, petitioners argue that the circuit court should have considered the mutual intent of the parties when interpreting the lease. Petitioners assert no reasonable landlord would enter into a lease by which a tenant could demand high-dollar changes to the property and then cancel the lease in thirty days. However, this Court has previous held that "in the absence of fraud, mistake, or material misrepresentations extrinsic evidence cannot be used to alter or interpret language in a written contract which is otherwise plain and unambiguous on its face." Syl. Pt. 3, in part, *Iafolla v. Pocahontas Coal Corp.*, 162 W.Va. 489, 250 S.E.2d 128 (1978). Further "(w)here the intent of the parties is clear, this Court will not use the vehicle of interpretation to relieve one party of a bad bargain." *Id.* at 493, 250 S.E.2d at 131 (quoting *Pechenik v. Baltimore & Ohio R.R. Co.*, 157 W.Va. 895, 898, 205 S.E.2d 813, 815 (1974)). Therefore, having found that the lease is unambiguous, we decline petitioners' request to further interpret the language therein.

Finally, we concur with the circuit court's conclusion that respondent provided adequate and proper written notice to petitioners of their intention to terminate the lease effective July 31, 2014. Specifically, respondent provided notice of termination by certified mail to the proper address on June 13, 2014. In accordance with provision fourteen of the lease, respondents must provide written notice thirty days before termination and thirty days before the last day of the succeeding month. The notice sent on June 13, 2014, was more than thirty days before July 31, 2014. Therefore, respondent successfully terminated the lease effective July 31, 2014. Accordingly, petitioners are entitled to rent through July 31, 2014.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 14, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4